## PAUL JONES, COUNTY JUDGE, v. JOHN WILL CARVER ET AL.

### Decided March 8, 1902.

1.—Stock Law Election—Qualification of Voter—Freeholder.

The conveyance to a person of an undivided interest in one acre of land, made for the purpose of enabling him to vote, does not render him eligible to vote as a "freeholder" at an election to determine whether stock may run at large.

2.—Same—Designating Boundaries of District.

The designation of a district for an election to determine whether stock shall be allowed to run at large is not rendered invalid by the fact that an intermediate and easily identified corner is called for as being on a creek when it is half a mile distant therefrom, but in line with the creek.

Appeal from Henderson. Tried below before Hon. John Young Gooch.

*Richardson & Watkins,* for appellant.

*Jones, Eustace & McDonald,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an action contesting the validity of an election held in a subdivision of Henderson County to determine whether hogs, sheep, and goats should be allowed to run at large. An injunction was granted restraining the county judge from having notices posted declaring the result. The trial court held the election invalid. Twenty-one votes were cast for the law and fourteen against.

Two grounds are urged against its validity: 1. That the judges of election rejected the votes of a certain number of freeholders, which, if they had voted, would have changed the result of the election. No statement of facts is found in the record. The record, however, contains the conclusions of the trial judge, who found on this issue that a few days before the election one Davis, who owned an undivided half interest in 100 acres of land within the proposed stock law district, "executed and delivered to each of seven men who were otherwise qualified to vote in stock-law elections, severally, a deed to an undivided interest of one acre, in his undivided half interest in the 100 acres. The purpose of the vendor was to thereby make each of said vendees a 'freeholder' so that they could vote and defeat the stock law. They had no

other purpose. The one acre (undivided) was fit for no other purpose, either of farming or other useful purpose, and the deeds were made for the sole purpose of defeating the election by making the seven persons technically 'freeholders,' but not substantially so, in so far as the land was contemplated to be of utility." This clearly shows a fraudulent attempt to defeat the wishes of a majority of the bona fide freeholders of the district, and is contrary to the spirit, if not the letter of the law, giving to freeholders, only, the right of suffrage in such elections. We are of the opinion that the deeds to such a fraction of real estate made for the purpose as stated by the trial judge did not make the grantees therein such freeholders under the law as entitled them to vote in said election and their votes were properly rejected. The trial court erred in holding to the contrary. McGraw v. Commissioners, 8 So. Rep. (Ala.), 852.

The second ground is, that the district was not described with sufficient particularity. We are also of the opinion that the trial court erred in sustaining this contention. The defect upon which the trial court based its holding is embraced in the following: After reaching the southwest corner of the W. H. Coltharp land the call is, "Thence with the said Coltharp's west boundary line to the northwest corner on Kickapoo Creek; thence north with said creek to the Cotton Belt railroad crossing," etc. The call is shown by the following plat:

The said northwest corner is not on said creek, but the distance running north from said corner to the creek is about one-half mile. Said corner is well marked and easily identified.

It is contended that as said corner was not on Kickapoo Creek it makes the call uncertain. To this we can not agree. The corner is not at the

termination of the line, but is at an intermediate point on a call running north from the southwest corner of said Coltharp land to the crossing of said creek by the Cotton Belt railroad. In following the call north the creek is reached about one-half mile north of the northwest corner, and then following the creek north the crossing on the railroad will be reached. The mere fact that the creek 'is not reached at the corner seems to us as immaterial. The call is sufficiently explicit to fix the line from the southwest corner to the northwest corner and thence to the crossing, and there is no such uncertainty in the call as to render the description uncertain.

No question is raised as to the right of the trial court to grant an injunction restraining the county judge from declaring the result. In disposing of the case we do not wish to be understood as passing upon this question.

The judgment is reversed and here rendered for appellant.

*Reversed and rendered.*