### WASH DAVIS v. THE STATE.

#### No. 3372. Decided January 31, 1906.

**Local Option—Statement of Facts—Practice on Appeal.**

Where upon appeal from a conviction for violating the local option law it appeared that the clerk in making up the transcript copied the orders of the commissioners court authorizing the local option election and declaring the result, on the strength of a memorandum in the statement of facts that said orders should be inserted. Held that this was unauthorized and a motion to strike out was sustained and the judgment reversed.

Appeal from the County Court of Limestone. Tried below before Hon. James Kimbell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Harper, Jackson & Harper,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction is for violating the local option law. Appellant has filed a motion to strike from the statement of facts, the orders of the commissioners court authorizing the local option election and declaring the result and placing such law into operation. These orders were not made a part of the statement of facts. In writing the statement of facts, it is stated, "The clerk will here insert the orders." In making up the transcript the clerk copied the orders into the transcript. To do this he had no authority. Ratcliff v. State, 29 Texas Crim. App., 248; Tyrell, 44 S. W. Rep., 159; Lyon v. State, 1 Texas Ct. Rep., 774; Hargrove v. State, 8 Texas Ct. Rep., 578. Eliminating these orders, there is no evidence in the record of the fact that the local option law was put into operation. It is necessary, in order to sustain a conviction under this law, that it be shown that the law was in force and this has not been done. The judgment is reversed and the cause remanded.

*Reversed and remanded.*