## EX PARTE SAM RANDALL.

No. 3631. Decided December 19, 1906.

**Local Option—Commissioner and Justice Precincts—Statutes Construed—Habeas Corpus.**

Where upon a habeas corpus proceeding it was shown that the relator was arrested for selling intoxicating liquors in a certain commissioners precinct of the county, and the evidence showed that said commissioners precinct embraced two

justices precincts and no other territory, in both of which the local option law was in force at the time the local option election was held in said commissioners' precinct whereby local option was declared. Held, that under articles 3393, 3394, and 3395, Revised Civil Statutes, said last election held in said commissioners precinct was not authorized by law and was therefore void. Brooks, Judge, dissenting.

Appeal from the County Judge of Henderson. Tried below before the Hon. J. R. Blades, sitting in vacation.

Appeal from an order remanding relator, who was under arrest for violating the local option law, to custody on proceeding by habeas corpus.

The opinion states the case.

*W. P. Linthicum,* for relator.—Citing: · Ex parte· Elliott, 7 Texas Ct. Rep., 59; sec. 20, art. 16, of the Constitution of Texas.

*J. E. Yantis,* Assistant Attorney-General, and *Paul Jones,* for the State.—Citing: Whisenhunt v. State, 18 Texas Crim. App., 491; Kemberly v. Morris, 31 S. W. Rep., 809; Kerr v. Riddle, id., 328; State v. Harvey, 33 S. W. Rep., 885; Ex parte Rippy, 68 S. W. Rep., 687; Adams v. Kelley, 44 S. W. Rep., 529; Ex parte Heyman, 9 Texas Ct. Rep., 140.

DAVIDSON, PRESIDING JUDGE.—The agreed statement of facts shows that relator sold intoxicating liquors in commissioners' precinct number 4, Henderson County, upon the day alleged in the original complaint. It is also agreed that commissioners' precinct number 4 is composed of justice's precincts numbers 5 and 7, and that said commissioners' precinct embraces no other territory than these two justice's precincts; that the local option election was held in justice's precinct number 5 on Saturday, March 10, 1906, resulting unfavorably to local option. That justice's precinct number 7 for some years prior to the above election—that is, since March 13, 1883, has been declared a local option precinct by proper authorities and through the proper process covering local option elections; but the fact that it is legally dry is denied by the respondent. It is also admitted that the local option election was held in commissioners' precinct number 4 on June 9, 1906, and said commissioners' precinct declared favorable for local option. However, relator does not agree that the order declaring the result of said election was legal. At a special term, on June 20, 1906, the commissioners court canvassed the returns of the election previously held on June 9th, declaring the result and making due publication. This covers the entire statement of facts.

Relator's contention is that the election was void and his arrest therefore illegal. Article 3393, Revised Civil Statutes, provides: "No election under the preceding articles shall be held within the same prescribed limits in less than two years after an election under this

title has been held therein; but at the expiration of that time the commissioners court of each county in the State, whenever they decree it expedient, may order another election to be held by the qualified voters of said county or of any justice's precinct, or such subdivision of a county as may be designated by the commissioners court of such county, for the same purpose; * * * and the order granting such other elections, as well as that declaring the result, shall, if prohibition be carried, have the same force and effect and the same conclusiveness as are given to them in the case of a first election by the provisions of this title."

Article 3394: "When such second election results against prohibition, the court shall enter an order setting aside the previous order enforcing prohibition, and shall officially announce and publish the same as provided where the election resulted in prohibition."

Article 3395: "The failure to carry prohibition in a county shall not prevent an election for the same from being immediately thereafter held in a justice's precinct or subdivision of such county as designated by the commissioners court, or of any town or city in such county; nor shall the failure to carry prohibition in a town or city prevent an election from being immediately thereafter held for the entire justice's precinct or county in which said town or city is situated; nor shall the holding of an election in a justice's precinct in any way prevent the holding of an election immediately thereafter for the entire county in which the justice's precinct is situated; but when prohibition has been carried at an election ordered for the entire county, no election on the question of prohibition shall be thereafter ordered in any justice's precinct, town or city of said county until after prohibition has been defeated at a subsequent election for the same purpose, ordered and held for the entire county, in accordance with the provisions of this title; nor in any case where prohibition was carried in any justice's precinct shall an election on the question of prohibition be ordered thereafter in any town or city of such precinct until after prohibition has been defeated at a subsequent election ordered and held for such entire precinct."

An inspection of these statutes discloses the fact that the Legislature has not authorized the holding of the election set out in the agreed statement of facts. One of the precincts (number 7) was under local option, and the only way, under article 3393 to avoid the election in that precinct was by an election held within its boundaries. If those who were opposed to local option desired to do so, they could hold an election in that precinct after the expiration of two years, and set aside the law; but this was never done. No election could be held in that precinct for any purpose within two years from the time the local option was put into operation within its territory. Under article 3395, no election could be held in precinct number 5 for that precinct within two years of the election which resulted unfavorably to local option on the 10th of March, 1906, and by the provisions of the general

law, which requires that after the election has been held within the given territory, that territory shall remain undisturbed by local option elections, except where the territory is smaller than the county unless in case a county election is ordered; or where a smaller portion of the justice's precinct, city, town or subdivision may choose to ask for an election for prohibition. There could be no election held for the entire justice's precinct, either under article 3395, or under the general statute fixing the limitation at two years.

Again, it will be observed, by reading article 3395, that there is no provision authorizing the election, where local option has failed in the county, except for a justice's precinct, city or town. There is no provision for holding the election for a subdivision except where the county election is adverse to local option. The Legislature has not seen proper to so provide. The first clause of said article 3395, provides, that where there is a failure to carry prohibition in the county, there may be an election held in the justice's precinct or subdivision of such county as may be designated by the commissioners court, or in a town or city, but this was not a county election held on the 10th of March, 1906, but a precinct election. The second clause provides that the failure to carry prohibition in a city or town, shall not prevent an election from being immediately thereafter held for the entire justice's precinct or county in which the city or town is situated. The third clause provides, "nor shall the holding of an election in the justice's precinct in any way prevent the holding of an election immediately thereafter for the entire county." The last clause provides, "nor in any case where prohibition is carried in any justice's precinct, shall an election on the question of prohibition be ordered thereafter in any city or town of such precinct, until after prohibition has been defeated at a subsequent election." So it will be seen that none of the articles in the Revised Statutes provide for the election set out in this record.

It will hardly be questioned that the local option election can only be ordered under the provisions of the law, and the Constitution having relegated the matter to the Legislature to provide how the election shall be held from time to time, it would seem to place within the jurisdiction of that body, ample authority to make such provisions for calling these elections. However this may be, there is no authority granted the commissioners court to order an election within precinct number 5 within two years from the 10th of March, 1906, unless there be a city or town within its boundaries and then only for the city or town. And it is equally obvious, from the language of the statute, that there is no authority for the commissioners court to order an election for the commissioners' precinct under the facts stated. This proposition was recognized in Ex parte Heyman, 45 Texas Crim. Rep., 533, and followed by Ex parte Mills, 46 Texas Crim. Rep., 224. This language is found in the Heyman case: "However, if it could even be conceded that under the Constitution the Legislature was authorized

to embrace two or more precincts and thus create new local option territory, then the Legislature must have referred to such territory as occupied the same status as to local option. That is, all the precincts must be wet and must have been so a sufficient length of time to authorize a vote to be taken on the question. For when we come to consider other provisions of the statutory law on the subject, we find that after local option is carried in a precinct, it must remain dry for two years before any vote can be again taken, at the expiration of which time the people of the territory to be affected have the right to take another vote on the issue; and where the precinct has gone wet on a vote taken by the people of the precinct, such precinct has a right to again vote on the proposition. This is regulated by articles 3393 and 3395, Revised Civil Statutes."

Therefore, we are of opinion that the election, under the agreed statement of facts, was not authorized by law, and was therefore void. The judgment is reversed, and the relator ordered discharged.

*Reversed and relator discharged.*

BROOKS, JUDGE (dissenting).—I cannot agree to the opinion announced by the majority. I understand it to be a variance with the Constitution and statutes of this State, and in open defiance to the opinion in Ex parte Heyman, 45 Texas Crim. Rep., 542, where this language is found: "However, it may be contended that inasmuch as it is conceded that a commissioner's precinct, or a school district. may embrace two or more justice precincts or parts thereof, or embrace towns and cities, the Legislature can do directly what it is authorized to do indirectly; that is, it can bring together originally two or more justice precincts, and thus constitute the same local option territory. We answer this by the observation that the Constitution authorizes the one, but does not authorize the other. *Ita lex scripta est.*"

This and the whole tend and trend of decisions hold that the commissioner's precinct can order a local option election, regardless of the status of minor subdivisions of said commissioners' precinct on local option. The law in this case was doubtless brought about by virtue of that decision. Hence I dissent from the opinion of the majority.