## J. W. GRIFFIN v. H. B. TUCKER, COUNTY ATTORNEY.

### No. 1910. Decided April 28, 1909.

1.—Intoxicating Liquors—Prohibition—Local Option Election—Order of Commissioners Court.

The Commissioners Court has no power to set aside for irregularities therein an election to determine the question of prohibition under the local option law, its duty being simply to count the votes and declare the result. (P. 424.)

2.—Same—Order of Commissioners Court.

An order of the Commissioners Court on their canvass of the votes at an election for prohibition under the Local Option Law, declaring the same void and ineffective because of irregularities in the ballots and returns, but, in case such declaration was ineffective because of lack of power or jurisdiction in the court, declaring the result to be against prohibition, was such a declaration of the result as authorized the District Court to entertain a proceeding to contest the election. (P. 424.)

**3.—Local Option Election—Commissioners Precinct—Prohibition Existing in Part of Precinct.**

The Commissioners Court had authority to order an election on prohibition under the Local Option Law in a commissioner's precinct, though it embraced two justices precincts in one of which prohibition had already been adopted and was in force.  (Pp. 424-427.)

**4.—Same—Effect of Election.**

The effect of the adoption of prohibition in a county, or subdivision thereof, was to put the prohibition in force within the entire limits in which the election was held, until set aside by a subsequent election within the same entire limits.  No subsequent election within a subdivision embracing a part only of such territory could terminate prohibition as to such part, though the result were against prohibition in such included subdivision; and the previous adoption of prohibition in a subdivision embracing a part only of the territory included in such later election, as well as the right to subsequently adopt it, remains unaffected by the vote against prohibition in the larger subdivision including it.  (Pp. 427-429.)

**5.—Election—Ballots.**

The furnishing of official ballots, and their use by many voters, which read "for local option" and "against local option," instead of for or against prohibition, was such an irregularity as authorized the holding that the election was void, on contest thereof, and ordering a new election as provided by article 3397, Revised Statutes.  (P. 424.)

**6.—Same.**

Ballots reading "for local option" and "against local option" could not be counted in determining the result of an election on prohibition under the, Local Option Law.  (P. 424.)

Questions certified from the Court of Civil Appeals for the First District in an appeal from Liberty County.

*Marshall & Marshall,* for appellant.—The Constitution and statutes and decisions- construing same guarantee to a commissioner's precinct the right to vote on the proposition whether or not intoxicating liquors shall be prohibited within its bounds, and a Commissioners Court could order and a valid election could be held in a commissioner's precinct of a county, regardless of the status of minor subdivisions that said commissioner's precinct may contain, when no election had been held in any of them within the preceding two years.  Constitution, art 16, sec. 20; Revised Statutes, art. 3384; Ex parte Heyman, 45 Texas Crim. Rep., 532; Rippey v. State, 44 Texas Crim. Rep., 72; Ex parte Fields, 39 Texas Crim., 50.

The statute providing that the ballots in a local option election shall read "For Prohibition" and "Against Prohibition" is merely directory, and not mandatory; and the ballots voted reading "For Local Option" and "Against Local Option," were mere irregularities, and did not affect the validity of the votes so cast, in the absence of any proof that same were misleading, and that the voters were deceived thereby, and same should have been counted and said election declared for prohibition.  Revised Statutes, art. 3388; Kulp v. Railey, 99 Texas, 310; Ex parte Tom Anderson, 51 Texas Crim. Rep., 239; King v. State, 30 Texas Civ. App., 320; Murray v. State, 21 Texas Crim. App., 466; Fowler v. State, 68 Texas, 30; Allen v.

Glynn, 17 Col., 338; Bowers v. Smith, 33 Am. St. Rep., 491; 10 Amer. & Eng. Enc. Law, 723.

The court erred in failing and refusing to declare said election void because of irregularities in the conduct of said election on the part of those entrusted with the management of the same, that rendered the result of said election impossible to be ascertained, and in refusing and failing to render judgment commanding the Commissioners Court to order another election in commissioner's precinct No. 3, because the evidence shows that there did exist irregularities in the conduct of said election that rendered the result thereof doubtful of ascertainment. Election Contests, Laws of 30th Leg., amending Rev. Stats., art. 3997; Arnold v. Anderson, 41 Texas Civ. App., 508; Brigance v. Horlock, 44 Texas Civ. App., 277.

*George C. Clough,* for appellee.—Commissioners Court has no power to declare election void; can only declare result. Burks v. State, 51 Texas Crim. Rep., 637.

Where local option has been put in effect in a recognized political subdivision, it becomes segregated and separated from every other part and parcel of a county, for the purpose of regulating the sale of intoxicating liquor through that statute law commonly called local option. Ex parte Heyman, 45 Texas Crim. Rep., 532; Ex parte Mills, 46 Texas Crim. Rep., 224; Ex parte Randall, 50 Texas Crim. Rep., 519; Ex parte Pollard, 51 Texas Crim. Rep., 488; Medford v. State, 45 Texas Crim. Rep., 180; Woods v. State, 75 S. W., 37; Ex parte Fields, 86 S. W., 1022; Ex parte Elliott, 44 Texas Crim. Rep., 575; Ex parte Haney, 51 Texas Crim. Rep., 634; Ex parte Wells, 78 S. W., 928.

The statute providing the form of ballot to be used in local option elections is mandatory; no other form or character of ballot can be counted or considered in determining the result of the election. Articles 3390-3392, Rev. Stats.; Prestwood v. Borland, 92 Ala., 599, 9 Sou. Rep., 223.

Proceedings which are to put criminal laws into operation are to be construed with the same strictness as the laws which they put into effect. Oxley v. Allen, 107 S. W., 945; Commissioners Court v. Beall, 98 Texas, 104; Ex parte Kennedy, 23 Texas Crim. App., 77; Ex parte Conley, 75 S. W., 301; Ex parte Kramer, 19 Texas Crim. App., 123.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified questions from the Court of Civil Appeals for the First District as follows:

"Because our conclusions of law in the above styled cause pending in this court on motion for rehearing are apparently in conflict with the opinions of the Court of Criminal Appeals in the cases of Ex parte Heyman, 45 Texas Crim. Rep., 532; Ex parte Mills, 46 Texas Crim. Rep., 224, and Ex parte Randall, 50 Texas Crim. Rep., 519; and because of the importance to the public of a correct determination of the questions presented, we think it proper to certify for your decision the questions hereinafter propounded.

"This proceeding was instituted by appellant to contest the declared result of an election held in commissioner's precinct No. 3 of Liberty County, on July 27, 1907, to determine whether intoxicating liquor should be sold in said precinct.

"Said commissioner's precinct No. 3 is composed of justices' precinct Nos. 3 and 6. At the time this election was ordered prohibition under the Local Option Laws of this State was in force in justice precinct No. 3, but was not in force in justice precinct No. 6, and no election to determine the question of whether intoxicating liquor should be sold therein had been held in either of said precincts within two years preceding the order for said election in commissioner's precinct No. 3.

"The ballots used at this election were ordered by the county judge of Liberty County and sent by him to the election officers at the several voting boxes in said precinct and were furnished the voters by said officers as provided in the general election law. These ballots had printed thereon the following: "For Local Option" and "Against Local Option." No other ballots were used at said election, but a number of the voters erased the words "For Local Option" and "Against Local Option" and wrote thereon "For Prohibition" or "Against Prohibition," in accordance with their views upon the question submitted in the call for the election. Many of the voters, however, used the ballots as printed and voted "For Local Option" or "Against Local Option."

"If all of the ballots are counted, those reading "For Local Option" and "For Prohibition" exceed in number those reading "Against Local Option" and "Against Prohibition." The number of ballots "Against Prohibition" exceeds the number "For Prohibition."

"The Commissioners Court at a meeting held on August 7, for the purpose of opening the returns, counting the votes and declaring the result of said election, made the following order:

" 'Commissioners Court met in special session August 7, 1907, for the purpose of opening the polls and counting the votes of a local option election, or an election to determine whether the sale of intoxicating liquors should be prohibited in commissioner's precinct No. 3, Liberty County, Texas, said election being held on the 27th day of July, 1907. Commissioners present were (naming them). After opening the polls, counting the votes and thoroughly canvassing the returns it is ordered that inasmuch as this court is unable, by reason of irregularities in the ballots and returns, to determine the true expression of the voters in said election, that said election be and the same is hereby declared void and of no effect and that this court declare neither 'For Prohibition' nor 'Against Prohibition.'

"To this order I. B. Simmons, County Judge, very respectfully protests.

"It is further ordered in the alternative that in case the above order can not be made effective because of lack of power or jurisdiction in this court to declare said election void, that the result of said election be and the same is hereby declared 'Against Prohibition.'

"Upon a hearing of appellant's contest the court below held that the election was void because the Commissioners Court under the facts before stated had no authority to order a local option election for said commissioner's precinct.

"Upon the foregoing statement of the case we respectfully certify for your decision the following questions:

"1st.  Is the order of the Commissioners Court above set out a sufficient declaration of. the result of said election to authorize the District Court to entertain a proceeding brought to contest same under the provisions of the statute relating to election contests?

"If this question is answered in the affirmative we ask:

"2d.  Did the commissioners have authority to order a local option election for said commissioner's precinct?

"If this question be answered in the affirmative, then we ask:

"3d.  Was the use of the ballots above described such an irregularity as requires or authorizes the holding that the election was void and ordering a new election as provided by art. 3397, Sayles' Statutes?

"If the third question be answered in the negative, then we ask:

"4th.  Should the ballots reading 'For Local Option' and those reading 'Against Local Option' be counted?"

From the opinion of the Court of Civil Appeals accompanying the certificate it appears that all the questions have been decided by that court, the first three in the affirmative and the fourth in the negative.  Nothing is said in the opinion upon the first question, but the affirmative decision of it was necessarily involved in the action taken by the court.  We are of the opinion that all of the questions were rightly decided and we deem it unnecessary to say more except upon the first and second.  As to the first it needs only to be said that the statute does not entrust to the Commissioners Court the power to set aside an election.  It is made the duty of that court simply to count the votes and declare the result of such count, which the court in this instance did.  The part of the order declaring the election to be void must be treated as ineffectual and its declaration of the result of the count must be taken as the performance of its statutory duty.

The answer to the second question involves a review of the decisions of the Court of Criminal Appeals, respect for which, as well as the importance of the question itself, demands more extended discussion.

It seems to be contended in this case, upon the authority of two propositions affirmed in the decisions of the Court of Criminal Appeals, that the holding of the election in the commissioner's precinct, composed, as it was, of the two justices' precincts, was unauthorized and void.  The first of these propositions is laid down in Ex parte Heyman, 45 Texas Crim. Rep., 532, and Ex parte Mills, 46 Texas Crim. Rep., 224, referred to in the certificate, and is that a lawful subdivision of the county can not, under a proper construction of the Constitution, be constituted for the sole purpose of having a local option election therein by combining together two or more

justices' precincts, and that the statute attempting to give to the Commissioners Court authority so to compose local option districts is unconstitutional. But the reason given by the court for this holding is that the reference in the constitutional provision to such subdivisions of a county as might be "designated" by the Commissioners Court under legislative authority, is to political subdivisions existing for other purposes, and not to new ones to be created by the court for local option purposes alone. The reasoning does not apply to commissioner's precincts, although they may be composed of part or all of the territory also embraced within two or more justices' precincts. Commissioners' precincts have lawful existence, apart from any designation that may be made of them as local option districts, and, consistently with the decisions referred to, may be "designated" for such elections. A provision of the statute expressly authorizes such designation and its validity is unaffected by those decisions. Hence, it can not be admitted that a local option election in a commissioner's precinct is excluded by the mere fact that it contains two or more justices' precincts. No question as to the correctness of the doctrine above stated is presented by the facts of this case.

But there is another doctrine laid down in the case of Ex parte Randall, 50 Texas Crim. Rep., 519, and perhaps in the others just cited, which, if correct, condemns as unlawful the election now in question. That doctrine is that no valid election can be held in any subdivision of a county, unless at the time it is ordered the status of all the territory which it contains is the same in respect of the operation of the prohibitory law; that, if that law is in force in part and not in force in other parts of the territory so contained, no election can be held in the containing subdivision until that law has been repealed by the voters in that part in which it has been put in force. The situation to which this doctrine applies existed in this case when the election was held, and the question as to the validity of that election can not be determined without affirming or denying the proposition stated.

The opinions of the majority of the court in the cases referred to (from which Mr. Justice Brooks dissented) seem to rest both upon the constitutional provision (art. 16, sec. 20) and upon the statute. It is necessary, therefore, that we consider both.

The constitutional provision is as follows:

"The Legislature shall at its first session enact a law whereby the qualified voters of any county, justice's precinct, town, city (or such subdivision of a county as may be designated by the Commissioners Court of said county) may by a majority vote determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

The pertinent statutory provisions are so lengthy that we deem it best to condense rather than copy them.

Article 3384, as amended, authorizes the Commissioners Courts to order elections in counties, commissioners' precincts, justices' precincts, school districts, towns and cities, whenever the courts may deem it expedient, and requires them to order such elections when

petitioned as prescribed. It further provides (1) an election shall not be denied to a city, town or school district composed of two or more of the named subdivisions; (2) that no town or city shall be divided in holding an election in another subdivision, and (3) that no school district which has adopted local option shall be divided in a subsequent election for another subdivision, covering a part of its territory. The last three provisions have no application to the present question.

Article 3393, as amended in 1905 (p. 378), provides that, after an election has been held as directed, no other shall be held within two years "within the same prescribed limits," but that after that time the Commissioners Court may, when deemed expedient, and shall, when petitioned as provided, order another election for the county, justice's precinct, or such subdivision of a county as may be designated by the court, for the same purpose; that the election shall be ordered to be held, notice given, votes returned and counted, result declared and published, in all respects as provided for the first election; and that the proceedings, if prohibition be carried, shall have the same force and effect and the same conclusiveness, as are given to them in case of the first election.

By article 3394 it is provided that when "such second election" results against prohibition, an order shall be entered setting aside the previous one enforcing prohibition and an official announcement and publication shall be made.

Article 3395 prescribes these rules: (1) Failure to carry prohibition in a county shall not prevent an immediate election in a justice's precinct, designated subdivision of the county, town or city. (2) Failure to carry in a town or city shall not prevent an election in the entire justice's precinct or county in which the town or city is situated. (3) The holding of an election in a justice's precinct shall not prevent an election in the county. (4) Where prohibition is carried for the entire county, no election can thereafter be held in any justice's precinct, town or city of the county until after prohibition has been defeated in the county. (5) Where prohibition has carried in a justice's precinct, no election can be had in a town or city therein until after prohibition has been defeated in the precinct.

It will be seen that the right which the Constitution intends shall be secured to the voters in each one of the divisions named by it, as well as those to be designated as authorized, is to determine the question stated for that division—"within the prescribed limits." No right is given to the voters of one subdivision to determine the question for another subdivision or to limit the power of the voters in the other to determine the question "within its prescribed limits." The exercise of the right by one is not made dependent upon any decision which may have been made by another. But a county is cut up into precincts, districts, or other subdivisions for various purposes, and the same territory must, therefore, form all or a part of more than one of these. If the right be given to each to adopt or reject the prohibitory law as its voters may determine, how is the right of one to be made to consist with that of another? The Con-

stitution contains no provision which answers the question, and it follows that the regulation of the subject is left to the Legislature. The Constitution, it is true, says that the law is so to provide that the voters may determine the question "from time to time," and this is what the Court of Criminal Appeals regarded as bearing upon the proposition under consideration; but we can see nothing in the provision which affects the plenary power of the Legislature to regulate the holding of elections in different subdivisions. It implies that the determination of the question of prohibition in a county or a subdivision, once made, is not to be perpetually binding, and that provision shall be made whereby the voters therein shall have opportunity to vote upon it from time to time; but it prescribes no rule from which the effect of an election in one subdivision upon the right of the voters in another is to be determined. The framing of the law so that the right intended to be secured to the voters in the localities may be exercised is expressly committed to the Legislature and we must look to the statutes in order to determine as to the validity of such elections as that in question.

Article 3384, before stated, provides for elections in counties, commissioners' precincts, justices' precincts, towns and cities. Provisions have been made by statute for other divisions, but these have been held to be unconstitutional by the Court of Criminal Appeals under the doctrine first above stated. We confine our attention to those divisions just mentioned to avoid complicating the discussion with other questions not involved in the case before us.

The Commissioners Court is empowered, *whenever* it may deem it expedient, and is required *when* petitioned in the manner provided, to order an election in any one of these divisions. The power or the duty here defined to order an election in one is not limited by the fact that an election has already been held in another, whether the other be a constituent part of the one or not. The court may act *whenever* it deems it expedient and must act *when* petition is made in accordance with the provision. The courts are not authorized to put any limitation upon this provision unless it is expressed or clearly implied in some other part of the statute. It follows that an election may be held in a commissioner's precinct whenever ordered unless there is something further in the statute to forbid.

Perhaps the opinions of the majority of the Court of Criminal Appeals are founded principally on the provision of article 3393, which forbids a second election "within the same prescribed limits" in less than two years after a first has been held. It is in the assumption that this means that no election can be held in any subdivision which embraces another or part of another in which one has been held within two years that we believe the fallacy to exist. We think it clear from the language of the statute that it has no such meaning. The inhibition is against a second election "within the same prescribed limits," i. e., the limits of the subdivision in which the first was held, and not within the different limits of another subdivision. Articles 3393 and 3394, dealing with second elections, refer all the time to elections in the same subdivision and are intended to prescribe the conditions under which the voters may exercise the right

to determine from time to time what shall be the rule therein. They prescribe no rule as to the effect of such elections upon the right given by article 3384 to the voters of other subdivisions to have elections within their limits. Besides that the inhibition is only against an election within the same limits, the concluding provision of article 3393 gives to the second election, if prohibition has carried, only the same effect that was given to the first, that is, to establish the prohibition only in the same limits; while article 3394 makes a negative vote have only the effect of setting aside the order enforcing prohibition entered as the result of the first election. And no other effect is given to any election by these provisions. All this makes it clear to our minds that the inhibition against another election has reference only to those subdivisions wherein a first election has been held, and not to other and different ones. And it follows that there is in these articles no limitation upon the broad authority given by article 3384 for elections in commissioners' precincts whenever the prescribed conditions concur, resulting merely from the fact that an election has been held within two years in a part of the territory composing such precincts.

Article 3395 does prescribe rules as to the consequences of elections in some of the subdivisions upon the right to hold them in others, but contains nothing which militates against our views. The fact that it is not exhaustive and prescribes no rule, such as is made with reference to the county, as to the effect of an election in a subdivision partly composing a larger one (and this is the most that can be claimed for it) is probably due to the fact that it has not been amended as often as article 3384 and adjusted to the changes made in that article defining the different subdivisions which may be made local option districts.

In the Randall case it is said that the articles discussed do not authorize such elections as that in question, and it is true that article 3395 does not *confer* the authority. It is equally true that it does not deny or limit the authority as it is given without qualification in article 3384.

It is further argued, in effect, that the Constitution and the statute intend that the voters of each subdivision shall have the right to determine by their votes what the rule therein shall be; that, when once established, the rule can not be repealed but by the votes in the same territory; and that, when an election has been held in a subdivision, it is set apart as a local option district and can not be used as part of the territory of any other such district less than the county. At least this is our understanding of the theory. It is true that when the prohibitory rule is put in force it can not be repealed or displaced except by the vote of the district which adopted it. It is quite as true that an election, however resulting, in a larger including subdivision has no such effect. If it result in the defeat of prohibition, the rule remains unaffected in the territory that had before adopted it. If it result in the adoption of prohibition, that rule is extended to the whole, where before it was in force only in a part of the territory. If the included territory has rejected prohibition, it is still the right, given by article 3384, of the voters

of any lawful including subdivision to say whether or not the law shall be put in force therein, which means that the law shall be made to operate over every foot of the territory in which the election is held. So there is no conflict of rights. The theory that an election sets apart the district in which it has been held so that it can form no part of a larger district for election purposes, or some other by which too frequent elections and some incidental confusion would have been avoided, might have been a good one for the Legislature to have acted upon in devising a system, but we can not see from the statute that it has done so. The right of each subdivision is given by article 3384 in the same language, and this is inconsistent with the theory stated. In the right given to a subdivision is implied the power, by adopting prohibition, to put a rule in force whereby the sale of liquor shall be made unlawful in every foot of its territory, and from this it results that no part of that territory can make the sale lawful in such part, since that would be inconsistent with the power of the larger so to establish the law throughout its extent. And this is not allowed to affect the right of an included subdivision to adopt the law for itself when it has been rejected by the including one. Aaron v. The State, 34 Texas Crim. Rep., 103. But we see nothing in the statute or the Constitution by force of which the right of a subdivision to have an election throughout its extent may be taken away by the action of part of its territory constituting a smaller one. If this may be done it is apparent that it is in the power of smaller subdivisions included in larger ones to defeat the exercise of the right given to the latter, as may readily be shown by illustration. In some counties the commissioners' precincts are so laid off that their lines come to a common corner at the county seats, so that part of each is included in the county town and in the justice's precinct. These are made subdivisions for local option purposes, and are given the right to adopt or reject the law within their limits. Now, is it not apparent that, under this doctrine, the vote adopting the law in either of these included subdivisions destroys, for the time at least, the rights of the voters of each of the commissioners' precincts to hold any election to determine the question for itself? The illustration might be extended by supposing other modes of subdividing the county. And further, the same logic might make the vote of the towns exclude elections in justice's precincts. We discover nothing in the Constitution or the statute either declaring or implying such a rule.

Much more might be said upon the question, but we have sufficiently indicated the reasons which induce us reluctantly to disagree with the views of the majority of the Court of Criminal Appeals. The subject has been ably discussed in the opinions of Judge Hurt in Aaron v. The State, supra; Ex parte Brown, 35 Texas Crim. Rep., 443; Ex parte Fields, 39 Texas Crim. Rep., 50, in the dissenting opinion of Mr. Justice Brooks in the Heyman case and in the opinions of the Courts of Civil Appeals in the cases of Kimberly v. Morris, 10 Texas Civ. App., 592, and Kidd v. Truett, 68 S. W., 310, and in the present case.

Ordinarily, this court follows the construction given to penal stat-

utes by the Court of Criminal Appeals since the enforcement of such statutes must be in accordance with such construction; but the decision of questions coming within the scope of cases of contested elections is entrusted to the civil courts and must be in accordance with their own construction of the controlling constitutional and statutory provisions.