O. ADAMS v. THE STATE.

No. 6387. Decided November 23, 1921.

Rehearing Granted June 21, 1922.

1.—Sodomy—Jury and Jury Law—Impartial Jury.

Where the motion for new trial showed that by the juror's conduct the appellant was deprived of a trial by an impartial jury, it being shown that before its selection he had knowledge of the fact that appellant, on a former occasion, had been convicted of a like offense, and he did not communicate this to the members of the jury until after the verdict was rendered, and all of which defendant and his counsel had no notice, the judgment must be reversed and the cause remanded. Following Jones v. State, 52 Texas Crim. Rep., 303, and other cases.

2.—Same—Impartial Juror—Rule Stated.

It has often been held that when a partial or biased juror, or prejudiced juror is selected without fault or lack of diligence on the part of the accused or his counsel, they acting in good faith upon his responses to question upon his voir dire and having no knowledge of their inaccuracy, there exists good ground for a new trial, following Long v. State, 10 Texas Crim. App., 98, and other cases.

3.—Same—Rehearing—Bill of Exceptions—Partial Juror—Filing.

Where the bill of exceptions, relating to the misconduct of the jury was attacked by the State, on the ground that the evidence was inserted

therein after it was filed, etc., but it appeared from the record that the clerk took the testimony up at the point indicated by the trial judge and the attorneys, embraced it in the record as a part of the bill, and there was no challenge as to the correctness of this, the same will be considered on appeal as a part of the record and is not on a footing with those cases in which it appears that the clerk inserted matters in the statement of facts, the contents of unfiled papers, etc. Distinguishing Davis v. State, 52 Texas Crim. Rep., 542, and other cases.

Appeal from the Criminal District Court of Harris.  Tried below before the Honorable W. C. Robinson.

Appeal form a conviction of sodomy; penalty, 15 years imprisonment in the penitentiary.

The opinion states the case.

*Heidingsfelders*, for appellant.—Cited cases in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.—On question of juror: Smith v. State, 106 S. W. Rep., 1161; McDougald v. State, 194 id., 545.

MORROW, PRESIDING JUDGE.—Conviction is for sodomy; punishment fixed at confinement in the penitentiary for a period of fifteen years.

On hearing the motion for new trial charging misconduct of the jury, the evidence disclosed, without conflict, that one of the jurors, before his selection, had knowledge of the fact that the appellant, on a former occasion, had been convicted of a like offense.  It was also shown that after he was selected, he communicated this fact to other members of the jury, but that this was not done until after the jury had reached the conclusion concerning the verdict they would render. It was also disclosed that neither appellant nor his counsel were aware of this knowledge on the part of the juror; that the previous conviction was in a different jurisdiction; and that on his voir dire inquiry was made touching his knowledge of the parties and his knowledge of any fact which would militate against his impartial action in deciding the case, he disclaimed any such knowledge; suppressed the facts which he knew and misled the appellant.  If he believed that the information in his possession would not affect his verdict, he should have disclosed the facts in his possession and left the appellant in a position that he might decide whether he would excuse the juror by peremptory challenges.

The ground for the motion for new trial is that by the juror's conduct the appellant was deprived of a trial by an impartial jury. Such a jury in felony cases is guaranteed by the constitution.  See Harris' Texas Const. Art. 1, Sec. 10.  An impartial jury consists of twelve impartial jurors.  Const. Art. 5, Sec. 13; Huebner v. State,

3 Texas Crim. App. 458; Lott v. State, 18 Texas Crim. App. 630; Jones v. State, 52 Texas Crim. Rep., 303.

· The Legislature is commanded to pass laws making effective the provision of the Constitution that the right of trial by jury shall remain inviolate. Following the procedure enacted in obedience to this constitutional provision, the appellant examined the juror on his voir dire under the eye of the court and under oath, and the juror failed to disclose the knowledge which he then possessed that the appellant, in a different city, on a former occasion, had been convicted of an offense like that for which he was to be tried. It has often been held that when a partial juror or biased juror or prejudiced juror is selected without fault or lack of diligence on the part of the accused or his counsel, they acting in good faith upon his responses to questions upon his voir dire and having no knowledge of their inaccuracy, there exists good ground for a new trial. Long v. State, 10 Texas Crim. App. 198; Sewell v. State, 15 Texas Crim. App. 62; Graham v. State, 28 Texas Crim. App. 582; McWilliams v. State, 32 Texas Crim. Rep., 269. We think the juror's conduct characterizes him as other than an impartial juror. Long v. State, 32 Texas Crim. Rep., 145; Long v. State, 10 Texas Crim. App. 198; Hughes v. State, 60 S. W. Rep., 563; Hopkins v. State, 68 S. W. Rep., 986.

We think that the record reveals that the appellant was without laches or lack of diligence and was misled by the responses of the juror into selecting him, and that he not being an impartial juror, it was incumbent upon the trial court to grant the motion for new trial. The jury acts as a unit, and the disqualification or prejudice of one of its members is sufficient, upon motion for new trial, to vitiate the verdict. McWilliams v. State, 32 Texas Crim. Rep., 269; Long v. State, 32 Texas Crim. Rep., 145; Graham v. State, 28 Texas . Crim. Rep., 583; Ruling Case Law, Vol. 16, p. 312, sec. 120. The fault was not cured by the verdict which assessed against the appellant the extreme penalty allowed by law for the offense with which he was charged.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

January 11, 1922.

HAWKINS, JUDGE.—No statement of facts produced on the trial accompanied the record, and our former opinion was based entirely upon a bill of exceptions to what might be termed the suppression of knowledge or information of one of the jurors as to a former conviction of appellant for a similar offense. This was developed by testimony on motion for new trial. The bill, as it appears in the record, after formal parts, continues as follows:

"In the selection of the jury, counsel for defendant asked the jury panel several questions, namely: are either of you gentlemen acquainted with the prosecuting witness, his father or the defendant. No answer was made thereto and their silence was accepted as negative. They were then asked 'if they knew any cause or reason why they could not serve or didn't want to serve as a juror in the case or knew anything about the case as the defendant wanted a fair and impartial jury to try his case and that he was charged with the offense of sodomy.' There was no answer made to this question and the negative was also assumed by counsel for the defense. A jury was then selected, empaneled and sworn to try the case and on the trial of the case the defendant was found guilty and punishment assessed at 15 years in the penitentiary; after the trial defendant through his counsel claimed that he learned of certain improper conduct on the part of the jury all of which is set out in his motion for new trial in this cause and reference thereto is here now made; the substance is that one of the jurors, i. e. Sibley, made certain statements in the jury room relative to the defendant having been convicted for a similar offense as the one upon which he is being tried in Galveston, Texas, and the defendant prayed for a new trial by reason thereof. To this motion of the defendant the State filed a controversion thereby joining issue with the defendant on that proposition and the jury who tried the case having been summoned as witnesses appeared in court on to-wit the 16th day of April, 1921, and the following testimony was had."

Here followed the entire testimony taken on the hearing of the motion for new trial, and the bill concluded as follows:

"After the testimony was all in, the court overruled defendant's motion for new trial and to which action of the court in so doing, defendant reserved his bill of exception thereto and here now tenders this his bill of exception No. 1, and asks that same be filed, approved and by this court ordered recorded and made and become a part of the record in this case.

Approved and ordered filed this 28th day of April, 1921.

C. W. ROBINSON, Judge."

It will be seen from the foregoing statement that the testimony appeared to be a part of the bill, properly verified by the trial judge, and as such was given consideration. The State has filed a motion for rehearing, averring that the testimony taken on the hearing of the motion for new trial was no part of the original bill of exceptions, but was inserted by the clerk in preparing the record to make it so appear; that the statement of facts produced on the hearing does not show to have been agreed to by counsel or approved by the trial judge, and not being properly incorporated in the bill should be disregarded. On proper motion by the State the original bill as filed in the trial court has been sent to this court and is now before us.

It is some trouble to describe it accurately. It consists of two pages of typewritten matter (with some pen interlineations). It is an exact copy of the bill as hereinbefore set out down to the point where, (as copied in the record), the evidence appears; but in the original bill at this point appears the following, written with a pen, and enclosed in brackets: "(The testimony produced upon the trial is to be taken up here)", then follows the conclusion of the bill as hereinbefore set out, and signed by the trial judge. These two sheets of typewritten paper are attached by a pin or clip to the inside of the front cover of what purports to be the testimony heard on the motion for new trial. It consists of twenty-eight pages, and concludes with the certificate of the court reporter that it is the testimony taken on the motion for new trial. It is nowhere signed by counsel for either the State or appellant, nor is it approved by the trial judge, unless the matters above set out make it a part of the bill of exceptions. The two sheets of paper bear file mark of "Apr. 28th, 21", there also appears upon the cover to the evidence the same file mark, "Apr. 28th, 21". The bill of exception nowhere refers to the attached testimony, nor makes it a part thereof, save the reference "(The testimony produced upon the trial is to be taken up here)", and it cannot be ascertained from the papers themselves whether they were attached together when the two sheets of typewritten matter were signed by the judge.

If this purported bill, as shown in the record, was improperly considered and should now be discarded in view of the original bill before us, the State's motion for rehearing must be granted and affirmance will necessarily follow, otherwise, the original opinion should stand.

Many cases involving prosecutions under the local option law may be found where the statement of facts as approved by the court did not contain the orders adopting local option, but simply a notation in substance that: "The clerk will here insert the orders of the court." Following the directions the clerk would incorporate the orders, but uniformly when the attention of this court was called to it, such orders were stricken from the statement of facts and consideration thereof refused, on the ground that they must be in the statement of facts when approved and not thereafter inserted. Davis v. State, 49 Texas Crim. Rep., 247, 92 S. W. Rep., 39; Jones v. State, 49 Texas Crim. Rep., 299, 91 S. W. Rep., 588; Allen v. State, 98 S. W. Rep., 870; Lyon v. State, 42 Texas Crim. Rep., 506, 61 S. W. Rep., 125; Davis v. State, 52 Texas Crim. Rep., 546, 107 S. W. Rep., 828. Likewise, where the clerk failed to insert the orders (per memoranda) efforts to have this court consider them were equally unavailing. Tyrell v. State, 44 S. W. Rep., 159; To the same effect is Ratcliff v. State, 29 Texas Crim. App. 248, 15 S. W. Rep., 596, where it was left to the clerk to incorporate the docu-

mentary evidence in a forgery. case, but he omitted to do so, and an effort by the Assistant Attorney General (who was then the late Judge Davidson) to have the statement of facts amended by including the omitted documents was not successful. We can see no good reason why the same strictness should not apply to a bill of exceptions as has heretofore been announced with reference to statement of facts, and are constrained to hold that the clerk was without authority to copy in the bill as shown in the record the evidence taken on the motion for new trial as over the signature of the trial judge, and hence, that we were unauthorized to consider the same.

An affidavit has been filed by appellant's counsel to the effect that it was agreed between him and counsel representing the State, and with the assent of the trial judge, that the evidence should be considered as a part of the bill, and that the bill and the evidence were attached and presented together to the judge. We cannot consider the affidavit in aid of the bill. The question has been raised by the motion of the State, and the original bill is before us, and our action must be determined by the revelations of the bill itself unaided by affidavits. The bill does not refer to the evidence as being attached to, and as a part thereof. There is nothing in the bill from which we may know that the two instruments were presented to the judge at the same time. In so far as the recitals in the bill are concerned the stenographer's notes of the testimony could have been attached to the bill after it was signed by the judge. The file marks on the cover to the testimony and the bill itself are of the same date, but do not aid us in determining the question. If they were one instrument why two file marks? We must hold that the original bill now before us does not authorize us to consider the testimony sought to be reviewed as a part of the bill, and there being an absence of agreement thereto by counsel or verification by the judge the same has no place in the record as a statement of the facts adduced upon the motion for new trial. Even if so authenticated it could not be considered unless incorporated in a bill of exceptions.

The State's motion for rehearing is granted; judgment of reversal is set aside, and the judgment of conviction in the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 21, 1922.

MORROW, PRESIDING JUDGE.—The conclusion has been reached that the proper judgment was entered upon the original hearing. After the reversal, the bill of exceptions relating to ·the misconduct of the jury was attacked by the State. The opinion of this court in granting the State's motion for rehearing reflects the status of the record. The bill of exceptions, as it appears in the record, con-

tained the evidence heard upon the motion for new trial. In the attack upon the bill after the reversal of the case, it is made to appear that the evidence heard on the motion for new trial was taken down by the official court stenographer, transcribed and certified as correct by him, and filed with the clerk of the trial court on the same day that the bill of exceptions was approved. The bill of exceptions shows that it was submitted to the attorney for the State, agreed to by him, and approved by the trial judge.

The point made is that the transcribed notes of the stenographer mentioned were not physically embraced within the original bill, though it appeared to be so in the transcript filed in this court. The original bill bearing the agreement of the attorneys to its correctness and the approval of the trial judge states that upon the hearing of the motion for new trial, the "jurors appeared as witnesses, and the following testimony was had:" and also states that the "testimony produced upon the trial is to be taken up here." In making up the record, the clerk took the testimony up at this point and embraced it in the record as a part of the bill. No challenge of the correctness of this was made upon the submission of the case, and in our opinion, after judgment, the challenge of it made could not be entertained. The testimony taken reveals that the appellant was not tried by an impartial jury within the meaning of the law; that he alleged and proved this fact on his motion for new trial; that the members of the jury testified; that the official stenographer transcribed and certified and filed it. We think there can be no other opinion but what in contemplation of the parties at the time the bill was signed and approved, it was intended that this paper containing the testimony should be a part of the bill. It was so treated by the clerk in preparing the transcript; it was so treated by counsel in submitting the case. It is not, in our judgment, upon a footing with those cases in which it appears that the clerk should insert in the statement of facts the contents of unfiled papers. In other words, the recitals in the present bill appear to be distinguishable from those in which the statement of facts prepared by the parties contained a statement such as this: "The clerk will here insert orders of the Commissioners' Court." See Davis v. State, 52 Texas Crim. Rep., 547, and others cases referred to in opinion affirming the case. Those cases reflect the intent of the parties that the clerk should hunt up the papers or records and insert them in the bill. The instant case does not impress us as expressing such an intent, but on the contrary, indicates that the testimony which had been transcribed and which was filed in the court should be taken as a part of the bill. It cannot be denied that it would have been more orderly to have prepared the bill in full, copying the testimony therein, but in the light of the action of the parties in treating the bill as correct, as copied in the record at the time of the submission of this case,

when they are presumed to have had full knowledge of its status, we are unwilling to sanction its subsequent attack upon the point made and order an affirmance of the judgment based upon the verdict of the jury, which was not, in the contemplation of the law, an impartial one.

It is therefore ordered that the appellant's motion for rehearing be granted, that the affirmance of this case be set aside; that the judgment of conviction be reversed for the reasons stated in the original opinion and the cause remanded.

*Reversed and remanded.*