

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 25, 1961

Hon. Fred P. Holub                 Opinion No. WW-1149
County Attorney
Matagorda County                   Re: If one justice precinct is wet
Bay City, Texas                        and a portion of a dry precinct
                                       is merged with said wet precinct,
                                       and that part of the dry precinct
                                       merged with the wet precinct has
                                       no residents, does that portion
                                       of the dry precinct merged with
Dear Mr. Holub:                        the wet precinct become wet?

Your request for an opinion on the following question:

"If one justice precinct is wet and a portion of a
dry precinct is merged with said wet precinct, and
that part of the dry precinct merged with the wet
precinct has no residents, does that portion of the
dry precinct merged with the wet precinct become
wet?"

has been received by this office.

The provisions covering local option elections are set
out in Article 666-32 et seq. V.P.C.  These statutes were en-
acted by the Legislature under the authority of Article 16,
Section 20 of the Texas Constitution, paragraphs (b) and (c).

In Goodie Goodie Sandwich, Inc. v. State, 138 S.W. 2d
906,(Civ. App.,error dism., judgm. cor. 1940) Chief Justice
Bond, speaking for the court, held, at page 909:

"It cannot be gainsaid that the Commissioners'
Court had the power and authority to define, re-
define, change, or alter the boundaries of pre-
cincts within the county, and to ascertain the
facts necessary to the exercise of such powers;
but it does not lie within the power of the
Court to detach 'dry' territory from a 'dry'
precinct and attach it to a 'wet' precinct,
thereby making the detached territory 'wet',
and allowing the sale, barter and exchange of
prohibited liquors within the detached terri-
tory, perforce of the change."

Consistent with this are Attorney General's Opinions Nos. O-297 and O-6880.

We do not believe that the absence of residents in the merged portion makes any difference as the cases uniformly hold that the status of the area at the time of the merger must remain the same until a local option election has been held as provided for in the statutes. Houchins v. Plainos, 130 Tex. 413, 110 S.W. 2d 549, (1937); Griffin v. State, 137 Tex. Crim. 231, 128 S.W. 2d 1197 (1939); Griffin v. Tucker, 102 Tex. 420, 118 S.W. 635 (1909); Goodie Goodie Sandwich, Inc. v. State, supra. See also 25 A.L.R. 2d 863.

## S U M M A R Y

When one justice precinct is wet and a portion of a dry precinct is merged with said wet precinct and even though that part of the dry precinct merged with the wet precinct has no residents, the said portion of the dry precinct merged with the wet precinct remains dry.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:sh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
Tom Burrus
Gordon Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.