THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



February 4, 1975

The Honorable George E. McCrea
Tom Green County Attorney
301 Courthouse
San Angelo, Texas 76901

Opinion No. H- 515

Re: Scope of local option
election where dry area
redistricted into wet
precinct.

Dear Mr. McCrea:

You have submitted a series of questions having to do with local option liquor elections. Your first question is:

> Does the tract of land presently in Justice Precinct No. 2, which had been in Justice Precinct No. 3 prior to redistricting, retain its status as being dry for the sale of beer?

You explain that the owner of a store on a tract of recently redistricted land in San Angelo wants to sell beer. Before the redistricting the tract was in Justice Precinct 3 which was dry for all purposes, but it is now in Justice Precinct 2 which was, and is, wet for the sale of beer.

We answer your first question in the affirmative. In the absence of an election changing its status, the tract remains dry even though it is now attached to a wet-for-beer precinct. Houchins v. Plainos, 110 S. W. 2d 549 (Tex. Sup. 1937); Goodie Goodie Sandwich, Inc. v. State, 138 S. W. 2d 906 (Tex. Civ. App. --Dallas 1940, writ dism. jdmt. cor.); Attorney General Opinion H-97 (1973).

Your next three questions ask if voters living in any part of the newly expanded Justice Precinct 2 are authorized to apply for a local option election, sign the petition therefor, and vote in a local option

p. 2322

election to legalize the sale of beer on the tract in question.

Our answer to each of the above questions is "yes." Justice Precinct 2 is a new voting unit wholly contained, we understand, within the City of San Angelo. At present, part of it is wet and part dry because each part retains its previous local option status. Now, however, they compose an indivisible voting unit for liquor local option purposes, and any local option election will affect all parts alike. Article 16, section 20(b) of the Texas Constitution, reads in part:

> The Legislature shall enact a law or laws whereby the qualified voters of <u>any county, justice's precinct or incorporated town or city</u>, may by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized <u>within the prescribed limits</u> . . . . (Emphasis added)

In <u>Griffin v. Tucker</u>, 118 S. W. 635 (Tex. Sup. 1909), the Texas Supreme Court in considering a different but similarly couched version of article 16, section 20 of the Texas Constitution, said:

> It implies that the determination of the question of prohibition in a county or a subdivision once made is not to be perpetually binding, and that provision shall be made whereby the voters therein shall have opportunity to vote upon it from time to time; but it prescribes no rule from which the effect of an election in one subdivision upon the right of the voters in another is to be determined. The framing of the law so that the right intended to be secured to the voters in the localities may be exercised is expressly committed to the Legislature, and we must look to the statutes in order to determine as to the validity of such elections as that in question. 118 S. W. at 638.

Article 666-32, of the Penal Auxiliary Laws, is the statutory provision which now governs local option elections. It was amended in 1973 inter alia "to determine and clarify which political subdivision shall prevail when there are conflicting results from local option elections in differing and/or over-lapping political subdivisions." Acts 1973, 63rd Leg., ch. 799, p. 508. This provision was added:

> Any authorized voting unit, that is, any county, justice precinct, or incorporated city or town which has at any time heretofore exercised or may at any time hereafter exercise the right of local option, shall retain the status adopted, . . . until that status is changed by a subsequent local option election in the same authorized voting unit; provided, however, that . . . in order to insure that each voter shall have the maximum possible control over the status of the sale of alcoholic beverages in the area of his residence, it is specifically provided that the status which resulted from or is the result of a duly called election for an incorporated city or town shall prevail as against the status which resulted from or is the result of a duly called election in a justice precinct or county in which such incorporated city or town, or any part thereof, is contained; and provided, further, that the status which resulted from or is the result of a duly called election for a justice precinct shall prevail as against the status which resulted from or is the result of a duly called election in an incorporated city or town in which such justice precinct is wholly contained or in a county in which such justice precinct is located.

We believe this statute requires that the local option status of a county, justice precinct, or incorporated town or city, once determined by election, cannot be changed except by a subsequent election in the same voting unit which made the earlier determination, assuming the boundaries of the county, precinct, town or city remain the same. If a county, precinct, town or city ceases to exist after having determined its local opinion status by election, or if a part of a county, precinct, town or city that has

previously determined its local option status by election ceases to be a part thereof, or becomes a part of a different unit, the area retains the local option status of its former identity, and cannot acquire a different status until its occupants have an opportunity to vote on the question at the same voting unit level at which its status was acquired or at a more "local" voting unit level. Thus, a portion of a dry precinct which was redistricted into another precinct could change its local option status by an election in the new precinct or in a city or town contained therein.

There is dictum in Houchins which suggests a different conclusion, but Houchins was decided under a different statutory framework and held no more than that a dry city could not be made into a wet city by simply dissolving the city and transferring the territory into another city that was wet. Warren v. Moore, 337 S. W. 2d 395 (Tex. Civ. App. --Amarillo 1960, writ dismd.); Myers v. Martinez, 320 S. W. 2d 862 (Tex. Civ. App. --San Antonio, 1959, writ ref., n. r. e., 326 S. W. 2d 171). It has also been held that since the Constitution limits local option elections to counties, justice precincts, and incorporated towns and cities, an election held in only a portion of a justice precinct was void. Patton v. Texas Liquor Control Board, 293 S. W. 2d 99 (Tex. Civ. App. --Austin 1956, writ ref., n. r. e.).

Thus, if a legalizing election is held on the question of "wet-for-beer" and carries, the entire newly constituted precinct will be wet for beer. Attorney General Opinion M-335 (1969); Cf. Attorney General Opinion C-681 (1966). If it fails, the status of each part of the precinct will remain as it is at present because a negative vote in a legalizing election has no prohibitory effect. Attorney General Opinions H-130 (1973), H-59 (1973). Note, however, that article 666-40b requires newly created political subdivisions to be in existence at least 18 months before a local option election can be held. Attorney General Opinion M-991 (1971).

Your last question asks whether a local option election may be held in conjunction with and at the same time as a general election, and, if so, whether separate election officials, ballot boxes, lists and returns must be used.

In Attorney General Opinion O-2853 (1940), written by the Honorable Zollie C. Steakley, now Associate Justice of the Supreme Court of Texas, it was concluded that the commissioners court of a county might order a local option liquor election to be held on general election day, at the same time, at the same polling places and under the supervision of the same election officers. But it was considered indispensable to the integrity of the ballot that different boxes be used for the two elections to receive those ballots to be locked and sealed. On the matter of "lists" the opinion said it would not appear necessary that separate voter lists be furnished, but that the tally and poll lists of the votes cast in each election, and the returns of each, would necessarily have to be separate and distinct.

Attorney General Opinion C-162 (1963) could be interpreted as suggesting a different result in some respects; however, the statute on which that opinion was based has been repealed, and thus we see no reason to question the conclusion of Attorney General Opinion O-2853.

## SUMMARY

When a portion of a justice precinct is redistricted it does not lose its local option status. Its status may be changed in an election held in the new precinct or in a city or town contained therein.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg