## ED NEUVAR v. THE STATE.

### No. 2392. Decided January 14, 1914.

**1.—Stock Law—Permitting Cattle, etc., to Run at Large—Statutes Construed.**

By section 23, article 16, Constitution of 1875, the Legislature is expressly authorized to pass laws for the regulation of live stock, etc., and local laws thus passed shall be submitted to the freeholders of the section to be affected thereby.

**2.—Same—Statutes Construed—Different Offenses.**

Under article 1249, Penal Code, provision is made for a violation of knowingly permitting cattle and other live stock to run at large, which is an entirely separate and distinct offense from the article preventing the running at large of hogs, sheep and goats under article 1241, Penal Code.

**3.—Same—Incorporated Town—Territory Embraced.**

None of the statutory enactments providing for the adoption by vote of either of said stock laws excludes the incorporated towns or cities from being embraced within the territory designated within which such stock law should apply, and the same is constitutional. Following Thompkins v. State, 47 Texas Crim. Rep., 256, and other cases.

**4.—Same—City Charter and Ordinance—Evidence.**

Even if the Legislature had authority (which it is unnecessary for us to decide) to except from any such subdivision any incorporated town or city, yet where defendant's bill and the record did not show under what authority either of said towns were incorporated, which were embraced in said territory, and in the absence of the provisions of the charter thereof which would show that the Legislature had attempted to make any such exception, the matter could not be reviewed. Distinguishing Reuter v. State, 43 Texas Crim. Rep., 572, and there was no error in not permitting defendant to introduce in evidence the ordinance of such city. Davidson, Judge, dissenting.

**5.—Same—Boundaries—Prohibited Territory—Calls of Survey.**

Where, upon trial of knowingly permitting cattle, etc., to run at large in prohibited territory, the evidence showed that the whole survey of land on which defendant's place was situated was in the territory where his stock was shown to have been permitted to run at large, it would make no difference even if there should be an open space or hiatus between certain calls of the description of the territory, and there was no error in submitting a charge that the boundaries of said territory or district in which said stock law had been adopted was sufficient to embrace the territory therein described. Following Williams v. State, 52 Texas Crim. Rep., 371, and other cases.

**6.—Same—Charge of Court—Penalty.**

Where defendant was prosecuted under article 1249, Penal Code, prohibiting horses, cattle, etc., from running at large, and the court properly submitted in his charge the penalty for a violation thereof, there was no error in not submitting the penalty under article 1241, prohibiting hogs, sheep and goats to run at large; besides, the charge was more burdensome on the State than required.

Appeal from the County Court of Lavaca. Tried below before the Hon. P. H. Green.

Appeal from a conviction of a violation of the stock law; penalty, a fine of $10.

The opinion states the case.

*Paulus & Ragsdale*, for appellant.—On question of election which includes towns and cities: Gilley v. Haddox, 15 S. W. Rep., 714; Reuter v. State, 67 S. W. Rep., 505; State v. Jones, 18 Texas, 874.

On question of description of prohibitory territory: Garnet v. State, 1 Texas Crim. App., 605; Veal v. State, 8 id., 474; Bouldin v. State, 8 id., 624; Nairn v. State, 18 id., 260; Spradling v. State, 30 id., 595.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of incorporated cities: Ex parte Cross, 71 S. W. Rep., 289; Young v. Roberts, 136 S. W. Rep., 911; Roberson v. State, 63 S. W. Rep., 884.

On question of description of territory: Russell v. State, 111 S. W. Rep., 658; Romero v. State, 56 Texas Crim. Rep., 435, 120 S. W. Rep., 859; Pearce v. State, 32 S. W. Rep., 697; Nelson v. State, 35 Texas Crim. Rep., 205; Jones v. Carver, 67 S. W. Rep., 780; Stewart v. State, 153 S. W. Rep., 1151; Williams v. State, 52 Texas Crim. Rep., 371, 107 S. W. Rep., 1121.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted and fined for violating the stock law, making it an offense to knowingly permit cattle, etc., to run at large where the stock law had been adopted at an election held therefor.

The prosecution was had under article 1249, Penal Code, based on articles 7235 et seq., title 124, chapter 6, of the Revised Civil Statutes. By section 23, article 16, of our Constitution of 1875, the Legislature was expressly authorized to pass laws for the regulation of live stock and the protection of stock raisers and to exempt from the operation

of such laws other portions, sections or counties of the State. By a proviso in said section it was provided that any local law thus passed should be submitted to the freeholders of the section to be affected thereby, and approved by them before it should go into effect.

It is unnecessary for us to recite the respective Acts of the Legislature on this subject,—they are shown by the citation to the respective Acts in our Revised Civil Statutes, and the articles of the Revised Code of 1911. The first enactment under this constitutional provision was in 1876, soon after the Constitution went into effect and it provided for such elections putting it in force to apply exclusively to hogs, sheep and goats. For many years there was no criminal law making it an offense, but the law merely provided for impounding the stock and subjecting it and the owner thereof to the damages incurred, costs, expenses, etc., by civil remedy alone. The first time the Legislature made it a penal offense to violate said law was the Act of 1897, p. 112, now article 1241 of the 1911 Penal Code. While the Act was general there was no law which could be adopted by a vote of the people which applied to other than hogs, sheep and goats. The provision of the law as to hogs, sheep and goats is chapter 5, title 124, article 7209 et seq., of the present Revised Civil Statutes. As stated above, the provisions of the stock law as to horses, cattle, etc., is the next chapter of said Revised Statutes and is entirely separate and distinct therefrom. The first time, it seems, the Legislature passed any Act providing for such law to be adopted by vote was the Act of 1899, p. 220. This law was amended by the Act of 1907, p. 123, which, for the first time, prescribed an offense and the punishment therefor for violation thereof by anyone permitting any horses, cattle, etc., to run at large. In the present Revised Statutes and Penal Code it seems reasonably certain that the Legislature intended that article 1241, Penal Code, should apply more particularly, if not exclusively, to hogs, sheep and goats, and that article 1249 should apply to horses, cattle, etc. The said two articles of the Penal Code are taken, in the revision, from the general bills of the several Acts on the subject.

None of the statutory enactments providing for the adoption by vote of either of said stock laws, excluded the incorporated towns or cities from being embraced within the territory designated within which such stock law should apply. On the contrary, all the statutory enactments clearly provide that the whole of the county which, of course, would embrace any and all incorporated cities and towns therein, as well as when the election is for any subdivision of such counties, shall or may be included because it gives expressly the petitioners, who petition the Commissioners Court for an election in such precinct, the right and power to designate such subdivision of a county in their petition and particularly describe the same by designated boundaries. (Art. 7238, R. S.) This court and the civil courts of this State, have all expressly held that this can be done and that the Act so providing is constitutional. (Ex parte Thompkins v. State, 47 Texas Crim. Rep., 356; Robertson v.

State, 42 Texas Crim. Rep., 595; Armstrong v. Taylor, 87 Texas, 598; Graves v. Rudd, 65 S. W. Rep., 63.) So that we think it is clear that the petition for the election in a certain part of Lavaca County designated by metes and bounds in the petition, the orders of the Commissioners Court and in the adoption of the Act, were perfectly legal and valid, although it embraced three incorporated towns within its boundaries; and that the freeholders within said incorporated towns could vote at such election the same as a freehold voter in any other part of the territory. Robertson v. State, supra. Besides this, even if the Legislature had the power and authority (which is unnecessary for us to decide herein) to except from any such subdivision any incorporated town or city, the appellant's bill, nor the record in this case otherwise, shows under what authority either of said towns were incorporated, nor the provisions of the charter thereof which would show that the Legislature had attempted to make any such exception. We do not regard the case of Reuter v. State, 43 Texas Crim. Rep., 572, as applicable to the questions presented in this case. Hence, the court did not err in not permitting appellant to introduce the ordinances of the City of Hallettsville in evidence. Neither the bill nor record elsewhere shows what the penalty such ordinances prescribed for a violation of said law was. Under all the authorities and the statute it could not be less nor greater. It had to be the same to be valid, and a prosecution and conviction under either the State or city law would be a bar to a prosecution under the other. Art. 965, C. C. P.

The court did not err in telling the jury in the charge that the boundaries of the district in which said stock law had been adopted was sufficient to embrace the territory therein described. The point appellant makes on this question is that because one witness testified that "there exists an open space or hiatus of about three or four hundred varas, between the S. W. corner of the R. Cummings survey and the S. E. corner of the A. Sherrill league, that is to say: The S. W. corner of the R. Cummings survey and the S. E. corner of the A. Sherrill league do not meet"; that therefore the field notes of the territory embraced is insufficient to describe and designate any territory. The uncontradicted testimony shows that the witness took the county map, at the instance of both the State and the appellant, while testifying and traced the lines in accordance with the calls of the whole territory so as to show, and he did testify, that the tract of land on which appellant lived, and where his stock was shown to run at large, was within said territory; that part of the field notes designating the prohibited territory is thus described: "Thence with the South line of said league (Cheeney League) to the South corner of same on the East line of the R. Cummings survey; thence with the E. line of the last named survey to the S. E. corner of same; thence with the South line of said survey to the South corner of same; thence West with the South line of the A. Sherrill league to the S. corner of same on the Lavaca River." So that it is seen from these calls that the southwest corner of the Cum-

mings survey is not called for, nor is the call from that corner of the Cummings to the S. E. corner of the Sherrill league made. It would make no difference even if there should be an open space or hiatus between the S. W. corner of the Cummings and the S. E. corner of the Sherrill league, but in accordance with the call of the designated territory, the line would be straight from the S. corner of the Cummings survey W. to and with the S. line of the Sherrill league, and it would inclose and embrace the territory without question. It might be that there might be some discrepancy on the ground between the calls made by which a given territory would be on the inside or outside of such line, but that question does not arise in this case, because the whole survey of land on which appellant's place was situated and the territory where his stock was shown to have been permitted to run at large was not of any of such disputed territory on such line. Williams v. State, 52 Texas Crim. Rep., 371; Stewart v. State, 153 S. W. Rep., 1150; Jones County Judge v. Carver, 67 S. W. Rep., 780.

As stated above, article 1249, Penal Code, applies to the statutes prohibiting horses, cattle, etc., from running at large, and article 1241, Penal Code, to hogs, sheep and goats. The court, therefore, did not err in telling the jury that the penalty for a violation of the former was a fine of not less than $5 nor more than $200, instead of telling them, under the latter article, that the fine was not less than $5 nor more than $50. The court in his charge required the jury to expressly find, among other things, that appellant did unlawfully, wilfully and knowingly permit his said cattle to run at large in said prohibited territory in Lavaca County before they could find him guilty. This was an additional burden on the State not required by the article under which the prosecution was had, but that was to appellant's advantage and not to his disadvantage.

We have not taken up in consecutive order appellant's various assignments, but what we have said disposes of all of them adversely to him. The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—I think this case ought to be reversed and therefore dissent. I deem it unnecessary to write further than to refer to what I have heretofore written in other cases and also to prior decisions of the court.