MOSE BISHOP v. THE STATE.

No. 3141. Decided May 20, 1914.

Rehearing denied June 10, 1914.

1.—Stock Law—Election—Incorporated Town.

The fact that the election district, in which the election for the adoption of the stock law to determine whether or not horses or mules, etc., could run at large therein, embraced an incorporated city which was incorporated under the general incorporation act under articles 762 et seq. of the Revised Civil Statutes, did not invalidate said election. Following Neuvar v. State, 72 Texas Crim. Rep., 410, 163 S. W. Rep., 58.

2.—Same—Different Subdivisions—Election District—Stock Law Election.

Under the Constitution and the laws with reference to preventing live stock from running at large, one or more districts where the stock law has been put in force can be combined with territory where no election has been held, and thereby embrace an entirely new and complete district, as was done in the instant

case, and such election embracing such territory is valid and legal; besides, as the law now stands, all such questions are within the exclusive jurisdiction of the civil courts, with the decisions of which this decision agrees. Following Ex parte Thompkins, 47 Texas Crim. Rep., 356, and other cases. Overruling Ex parte Heyman, 45 Texas Crim. Rep., 532.

### 3.—Same—Petition—Amendment—Commissioners Court.

Where the petition, for an election to determine whether live stock should run at large in a certain district, was properly acted upon and granted and the election ordered at a previous term of the Commissioners Court, amendments of said petition thereafter did not render it a new one so that the court could not act thereon at a subsequent term.

### 4.—Same—Record—Commissioners Court—Books.

Where one of the books in which the Commissioners Court recorded its proceedings was used for the purpose of recording therein the result of all elections, and the tabulated returns of an election on the stock law had been recorded therein, this was a substantial compliance with the law, as the minutes of the Commissioners Court need not necessarily be kept in any one book; besides, if said tabulated returns were not entered in the proper book, this did not invalidate the election and would not render it void. Following Hannah v. Shepherd, 25 S. W. Rep., 137.

Appeal from the County Court of Colorado. Tried below before the Hon. J. J. Mansfield.

Appeal from a conviction of a violation of the stock law; penalty, a fine of $5.

The opinion states the case.

*Grobe & Miller,* for appellant.—On question that the precinct contained an incorporated city: Waco v. Powell, 32 Texas, 258; Reuter v. State, 43 Texas Crim. Rep., 572; Conner v. Skinner, 156 S. W. Rep., 567; Thompson v. City of Brownwood, 44 Texas Civ. App., 623, 98 S. W. Rep., 938; Ex parte Hogg, 70 Texas Crim. Rep., 161, 156 S. W. Rep., 931; City of Haskell v. Barker, 134 S. W. Rep., 833.

On question of recording election: 3 McEachin's Statutes, art. 7247.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of incorporated city: Roberson v. State, 42 Texas Crim. Rep., 595.

PRENDERGAST, PRESIDING JUDGE.—Under article 1249, Penal Code, appellant was prosecuted and convicted for knowingly permitting his cow to run at large after the stock law had been adopted prohibiting this. He waived a jury and was tried before the court on an agreed statement of facts.

Shortly prior to the August Term, 1913, of the Commissioners Court of Colorado County, fifty-eight qualified voters in a certain territory of said county, petitioned said court to order an election in that certain designated portion of said county specifically described by metes and bounds to determine whether or not stock,—horses, mules, jacks, jennets, and cattle—should be permitted to run at large in said designated territory. This territory, except three surveys, had theretofore been designated by said court as election district No. 6 of said county. The pe-

tition at first so called it, in addition to the specific boundaries composing it at that time. When said court convened at said August Term it added three surveys,—one league, and two quite small surveys,—to that election district and changed the number thereof from 6 to 8. It then permitted the petitioners to amend their said petition so as to include said three surveys and change the number of the district from 6 to 8 therein, which they did, the court and all the petitioners consenting. The court then granted the petition, ordered the election, made all of the necessary orders, had all the proper notices issued and published and the election held strictly in accordance with the statute.

Said election district, as No. 6 theretofore had, embraced the city of Weimar. Weimar, long before then, had been incorporated under the general incorporation Act, authorizing towns of 1000 inhabitants or over to incorporate under articles 762 et seq. of our Revised Civil Statutes. As such corporation it had just such power and authority over the streets, alleys and public grounds of the city and to regulate and prohibit stock running at large as were given by said statutes to such incorporated towns. It had passed no ordinances and had none regulating or prohibiting stock running at large.

Some considerable time before said election two respective subdivisions of said district 8 had had stock law elections which had carried, putting said stock law in force in said two subdivisions respectively. These two subdivisions together embraced perhaps more than half of said district 8. Neither of them embraced Weimar, or any part of it. The other portion thereof, including Weimar, had never had any stock law election embracing that territory or any part of it. Said district 8 embraced the whole of each of said two subdivisions and said additional territory. Before this prosecution none had ever been had in either of said two subdivisions where the stock law had been carried. Said law in neither of said subdivisions had been observed or enforced.

Thirty-two of said petitioners were resident freeholders of said two subdivisions. The other twenty-six were resident freeholders in that part of said district 8 which theretofore had had no election, nor stock law in force.

The returns of said election in said district 8 were properly opened, tabulated and counted by the county judge in the presence of the persons the statute requires, his count and tabulation distinctly showing that 139 votes were cast for the law and ninety-three against, and five mutilated ballots. The said certificate and order of the county judge showing all this, was duly recorded in vol. 3 of the records of elections in the county clerk's office of said county. In addition, the said petition for the election, the order of the court granting it and ordering the election, the order of the county judge ordering the election and causing the proper publication, reciting everything the statute requires, the further proclamation of the county judge fully reciting all the proceedings authorizing and requiring said election and declaring said result and that

after the requisite time it would be unlawful to permit, etc., such stock to run at large in said territory, were all duly recorded.

Appellant knowingly permitted his cow to run at large within the corporate limits of Weimar after said stock law had been voted and put in effect in said district 8 in 1913.

Under this state of facts appellant contested the validity of said election and claims the stock law is not in force in said district 8 on four grounds:

He contends, first, that Weimar could not be included in the territory for such election because it was incorporated; second, that because stock law elections had been held and the law put in force in said two subdivisions of said district 8, they could not be combined with another, wherein no election had been held and the stock law not in force therein, so as to embrace the whole territory described and designated as said district 8; third, that because said original petition was amended in the particulars shown after the term of said court had convened, it thereby became a new or original petition and having again been filed, after said court convened, the court had no power at that term to order said election; and, fourth, because the tabulated election returns were not recorded in the minutes of said court, but recorded only in the records of elections of said County Court.

Our Constitution (sec. 22, art. 16) is: "The Legislature shall have the power to pass such fence laws, applicable to any subdivision of the State, or counties, as may be needed to meet the wants of the people."

Again (sec. 23, art. 16) is: "The Legislature may pass laws for the regulation of livestock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections, or counties; . . . provided, that any local law thus passed shall be submitted to the freeholders of the section to be affected thereby, and approved by them, before it shall go into effect."

Under these constitutional provisions the Legislature has from time to time passed stock laws and authorized elections to be held in counties and subdivisions thereof. It first passed a law authorizing such elections to be held to prohibit the small livestock,—hogs, sheep and goats,—from running at large. For the first time by the Act of 1899, p. 220, it provided for like elections to be held to prohibit the large livestock,—horses, mules, jacks, jennets and cattle,—from running at large. These various Acts have been construed both by this, and our civil courts from time to time. We have again considered and reviewed the decisions both civil and of this court on the points raised by appellant, as well as the authorities cited in appellant's brief herein.

This court in Neuvar v. State, 72 Texas Crim. Rep., 410, 163 S. W. Rep., 58, expressly decided appellant's first ground against him. We have no doubt of the correctness of that decision, and that Weimar could be, as it was, embraced in said district 8, and the election was not invalid because thereof.

We also think it clear, under the statute and the decisions of this

court and the Supreme Court, that the two subdivisions of said district 8, in which previous stock law elections had been held and carried, could be embraced therein together with the remaining portion of said district 8 in which no stock law election had been held.  Ex parte Thompkins, 47 Texas Crim. Rep., 356; Roberson v. State, 42 Texas Crim. Rep., 595; Armstrong v. Traylor, 87 Texas, 598; Graves v. Rudd, 26 Texas Civ. App., 554.

Prior to the decision of the Thompkins case, supra, this court had held in Ex parte Heyman, 45 Texas Crim. Rep., 532, and other cases since then following that decision, that under sec. 20, art. 16, of our Constitution, requiring the Legislature to pass laws authorizing certain subdivisions of a county to hold elections to determine whether or not the sale of intoxicating liquors should be prohibited therein, that one or more such subdivisions of a county wherein such election had been held and carried, could not be combined with any other such subdivision, so that a valid election could be held in such combined divisions.  But this court, through Judge Henderson, in Thompkins case, supra, pointed out the distinction and difference between that section of the Constitution and those regulating stock law elections and, in effect, held that the doctrine announced in the Heyman case was inapplicable to stock law districts, and the effect of the decision and the principle announced in the Thompkins case is that the whole of another or other districts wherein the stock law election had been carried could be combined with another and with territory in which no election had been held making a new district, and that an election held in such new district was valid. We have no doubt under the stock law constitutional provisions above quoted and the statutes passed thereunder that one or more districts where the stock law has been put in force can be combined with territory where no election has been held and thereby embrace an entirely new and complete district as was done in this case, and that such election embracing such territory is valid and legal.

Besides this, since the decision in the Heyman case, supra, and all those following it, were rendered, the Legislature of this State has taken the decision of all such questions from this court and given the civil courts exclusive jurisdiction to determine the validity of any such election, under the liquor prohibition constitutional provision, by the Act of 1907, passed at the first special session of the Legislature, p. 447. Our Supreme Court in Griffin v. Tucker, 102 Texas, 420, and other cases, and the Court of Civil Appeals at Galveston, in the recent decision of Scurlock v. Fairchilds, 159 S. W. Rep., 1001, have held that such districts can be combined and made a new district and that such an election held therein would not be invalid because thereof.  The principles announced in those cases are exactly applicable to that question in this case and we would follow the civil courts on such questions.  The reasoning of the two decisions, just above cited, in our opinion, is unanswerable and conclusive of the question.  Under the law, as it now is, that question under the liquor prohibition constitutional provision can not again

come before this court; so that, the effect of the said decision in the Heyman case, supra, and others following it, is in effect done away with.

The petition for the election in this case, having been filed before the August Term, 1913, of the Commissioners Court convened, it was properly acted upon and granted and the election ordered at that term of court. The amendments thereto, made as shown above, did not render the petition a new one, so that the court could not act thereon at that term.

The statute (R. S., art. 2276) requires the Commissioners Court to cause to be procured and kept in the county clerk's office suitable books in which shall be recorded the proceedings of the court. One of these books so procured and kept in the office seems to have been a book in which the record of the result of all elections was entered, and the tabulated returns of this election having been recorded therein, substantially complied with the law. The minutes of the Commissioners Court need not necessarily be kept in any one book. Various books for the record of the various proceedings of the court, may be kept. We know of no law that requires the proceedings of the Commissioners Court to be recorded in any one book. Even if the tabulated returns had been omitted to be entered in the proper book by the clerk, that certainly could not be held to invalidate the whole election and the validity of the law, when every other essential had been fully and completely complied with and there could be no possible doubt from the orders and minutes of the court that the election was carried, as shown by the tabulated returns of the election. Even mere irregularities in conducting the stock law election would not render it void. Hannah v. Shepherd, 25 S. W. Rep., 137.

In our opinion the stock law in said election district 8 in Colorado County was in every way valid and legal against any and all of appellant's contentions. The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied June 10, 1914.—Reporter.]