LAMBERT et al. v. SCURLOCK et al.
(No. 1401.)

(Court of Civil Appeals of Texas. Beaumont.
June 4, 1926. Rehearing Denied
June 16, 1926.)

Animals ⊂⊐50(2).

That commissioners' precinct included city which had theretofore adopted Stock Law held not to render Stock Law election void.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by Tom Lambert and others against Marvin Scurlock and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Howth, Adams & Hart and O'Fiel & Reagan, all of Beaumont, for appellants.

Crook, Lefler, Cunningham & Murphy, and F. S. Jones, all of Beaumont, and Raymond L. Murry, of Pt. Arthur, for appellees.

O'QUINN, J. This is an appeal from a judgment upholding the validity of a Stock Law election. The election was held in commissioners' precinct No. 2, Jefferson coun-

ty, Tex., to determine whether or not horses, mules, jacks, jennets, and cattle should be permitted to run at large in said precinct, and resulted in favor of the law.

The case was tried before the court upon the following agreed statement of facts:

"It is agreed by and between counsel on the trial of the above styled and numbered cause, that a petition was circulated calling for an election to be held in commissioners' precinct No. 2 in Jefferson county, Tex., to determine whether or not horses, mules, jacks, jennets, and cattle should be permitted to run at large in commissioners' precinct No. 2 in Jefferson county, Tex.; that the petition was signed by 50 qualified freeholders residing in said precinct and that thereafter the petition was presented to the commissioners' court of Jefferson county, Tex., and an election was ordered to be held in said precinct to determine the question and the election was held and resulted in favor of the Stock Law; that is, in favor of prohibiting stock, such as horses, mules, jacks, jennets, and cattle, from running at large in said precinct.

"It is further agreed that within the time and in the manner prescribed by law the contestants, who are freeholders and resident citizens of precinct No. 2, gave notice to Marvin Scurlock, county attorney of Jefferson county, Tex., of their intention to file suit contesting the validity of said election on the grounds set forth in contestants' original amended petition, and that thereafter within due time filed suit to set said election aside.

"It is further agreed that the election is in all respects regular and in strict compliance with the law, except with respect to the grounds alleged for the contest hereinafter set forth.

"It is further agreed that the city of Port Arthur, which is and was an incorporated city at and before the time of the election and at all times since the election, is and was an incorporated city containing a population of about 35,000 people, and that at and before the time of the election the Stock Law was in full force and effect in the city of Port Arthur by virtue of an ordinance duly and legally passed by the councilmen of the city of Port Arthur, which said ordinance is contained, and correctly set forth, in contestants' original petition and their second amended original petition.

"It is further agreed that the sentiment of the people of the city of Port Arthur is, and was at and before the time of holding said election, in favor of the Stock Law; that the majority of the signers of the petition for the election were citizens of Port Arthur and that the citizens of Port Arthur voted in said Stock Law election.

"It is further agreed that the said city of Port Arthur is situated within the boundaries of commissioners' precinct No. 2 in which said election was held, and that the petition calling for the election in precinct No. 2 did not exclude the territory occupied by the corporate limits of the city of Port Arthur, but included it.

"It is further agreed that outside of the city of Port Arthur, precinct No. 2 was sparsely settled and was partly a cow range, and that a small portion of the territory adjoining the city of Port Arthur and outside of the city limits of Port Arthur was a suburban residential district of Port Arthur containing about 1,000

people. And the balance was scantily settled and a cow range.

"It is further agreed that the officers are enforcing the Stock Law.

"It is further agreed that the people of Port Arthur· voting in that stock law election are in favor of the Stock Law."

Appellants present one assignment of error, which challenges the correctness of the judgment of the trial court in upholding the election, and asserts that the election was void because held in a subdivision of Jefferson county which included Port Arthur, an incorporated city, which had theretofore adopted the Stock Law, and hence could not be lawfully included in said election.

Appellants cite us to Gilley v. Haddox (Tex. App.) 15 S. W. 714; Ex parte Mills, 46 Tex. Cr. R. 224, 79 S. W. 555; Ex parte Heyman, 45 Tex. Cr. R. 532, 78 S. W. 349; and Ex parte Thompkins, 47 Tex. Cr. R. 356, 83 S. W. 379, as sustaining their contention. We do not deem it necessary to go into a lengthy discussion of these cases, but will say that they were in effect overruled in Neuvar v. State, 72 Tex. Cr. R. 410, 163 S. W. 58. In that case a Stock Law election was held valid, although it included within the bounds of the subdivision in which the election was held three incorporated towns. In Bishop v. State, 74 Tex. Cr. R. 214, 167 S. W. 363, the question of whether in Stock Law elections an incorporated town could be included within the subdivision carved out, in which the election was to be held, was again considered, and it was again held that such town could be included in such subdivision. In that case the subdivision in which the election was held not only embraced an incorporated town, but also two other subdivisions of the county, in which the Stock Law had theretofore been adopted, and was in full force, and the election was held valid. That case is very much like the instant case on the facts, and we think settles the question here involved. See, also, Roberson v. State, 42 Tex. Cr. R. 595, 63 S. W. 884; Armstrong v. Traylor, 87 Tex. 598, 30 S. W. 440; Griffin v. Tucker, 102 Tex. 420, 118 S. W. 635.

The judgment should be affirmed, and it is so ordered.

Affirmed.