

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

**AUSTIN 11. TEXAS**

ATTORNEY GENERAL

Hon. A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Opinion No. O-2834
Re: It would be legal to pay the
expense of a county-wide local
option election mentioned herein.

Dear Sir:

Your letter of October 17, 1940, requesting an opinion of this Department upon the question as herein stated has been received.

We quote from your letter as follows:

"On October 14, 1940, the Commissioners' Court of Montgomery County sitting in Regular Session received a petition calling for a county wide local option for or against the sale of beer. This election was called for November 2, 1940.

"My attention has been called to the fact that the following local option elections have been called and held in the following Justice Precincts of Montgomery County:

"J. P. Precinct 4, Election held April 27, 1940.
J. P. Precinct 8, Election held May 4, 1940.
J. P. Precinct 2, Election held Sept. 28, 1940.

"In view of the above elections, would it be legal to pay the expense of the local option election called for county wide November 2, 1940?"

This Department held in Opinion No. O-286 that "a local option election may be held in a justice precinct to determine whether to prohibit or legalize the sale of beer containing in excess of 4% by weight, regardless of the fact there is within the precinct a city which voted less than one year ago to prohibit the sale of this type of beer. If the election results in a majority of the voters of the entire precinct favoring the prohibition, the entire justice precinct will be dry insofar as the type of beverage is concerned; if a majority vote favorable to sale of such alcoholic beverage,

the dry status of the city will remain as it now is, until and unless another election be held within and for said city changing its status. In such event, that part of the justice's precinct outside of the limits of such city will be wet to the extent that sales of beer not exceeding 4% alcohol by weight will be legal."

Montgomery County as a whole is now wet as far as the sale of beer is concerned. However, there are certain precincts within the county which are dry.

The election provisions of the present Liquor Control Act are contained in Sections 32 and 40 of Article 666, Vernon's Annotated Penal Code, based on paragraph (c) of Section 20, Article XVI of the Constitution. The constitutional provision sanctions local option elections in the following political subdivisions of a county:  (1)  the entire county; (2) a justice precinct; (3) an incorporated city or town.

Section 32 of the Liquor Control Act provides the commissioners' court of each county in the State upon its own motion may order an election for the whole county; but upon petition of 10 per cent of the qualified voters of the county or of any justice precinct, city or town, it shall order such election for such political subdivision.  Provided, however, after the first local option election held as provided in this Act in any county, justice precinct, incorporated town or city, no subsequent election upon the same issue in the same political subdivision shall be held within one (1) year from the date of the preceding local option election in said county or said political subdivision of said county.

We construe your question to be whether or not a county-wide local option election can be legally held for the county on November 2, 1940, and if the county can legally pay the expense of such an election since certain justice precincts in the county have held similar elections within the respective precincts less than a year prior to the time for which the county-wide local option election is to be held.

In the case of Griffin v. Tucker, 118 S.W. 635, the Supreme Court held a larger subdivision might hold an election irrespective of the status of the smaller subdivisions therein. In that case local option had prevailed in a justice's precinct, but an election was subsequently called in a commissioners' precinct which embraced within its territorial limits the justice's precinct. The Court said:

"It is true that, when the prohibitory rule is put in force, it cannot be repealed or displaced except by the vote of the district which adopted it. It is quite as true that an election however resulting, in a larger including subdivision, has no such effect. If it results in the defeat of prohibition, the rule remains unaffected in the territory that has before adopted. If it results in the adoption of prohibition, that rule is extended to the whole, where before it was enforced only, in part of the territory. . . . We see nothing in the statutes or the Constitution by force of which the right of a subdivision to have the election thrown out throughout its extent may be taken away by the action of part of its territory constituting a smaller one. . . ."

In a local option "stock law" election it was held a commissioners' precinct included a city which had theretofore adopted the "stock law" did not render the election void. Lambert v. Scurlock, 285 S.W. 679; Bishop v. State, 167 S.W. 363.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this Department that the above mentioned county-wide local option election can be legally held notwithstanding the fact that justice precincts have held similar elections within one year prior to the county-wide election and that the county can legally pay the expense of such election.

We are enclosing herewith a copy of our Opinion No. O-286, above referred to.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED OCT 25, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN
AW:BBB:wb
ENCLOSURE