**M. M. LOCK et al., Appellants,**

**v.**

**Tom MORRIS, County Judge, et al., Appellees.**

No. 6852.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 26, 1956.

Rehearing Denied March 1, 1956.

Joe McCasland, Jefferson, I. N. Williams, Texarkana, for appellants.

J. R. Cornelius, Jefferson, for appellees.

PER CURIAM.

A county-wide election was held in Marion County, Texas, pursuant to the provisions of Articles 6930 and 6954 of our Revised Civil Statutes, as amended, Vernon's Ann.Civ.St. arts. 6930, 6954, upon the petition of 156 qualified voters of said County, an order of the County Judge and Commissioners' Court, and proper notices for such election. The votes were canvassed by the proper authorities and an order was entered declaring the result of said election to be in favor of prohibiting all kinds of livestock named in said Articles from running at large in Marion County. And on April 25, 1955, the County Judge issued a proclamation as prescribed

by law putting the "Stock Law" in effect in Marion County.

Within the time prescribed by law, M. M. Lock, Lawrence S. Walker, Robert E. Hasty and Calvin Moseley gave notice of intention to contest the election. They filed their petition on May 24, 1955, and prayed for a temporary restraining order against the Hon. Tom Morris, County Judge, the Hon. Mahlon Walters, County Attorney, and the Hon. L. W. Walker, Sheriff, designated as Contestees, restraining them from enforcing said stock law pending a hearing on their application for a temporary injunction. The application for temporary injunction was set for hearing on June 2, 1955.

Prior to the time for the temporary injunction hearing, Contestees filed their special exceptions and answer to Contestants' petition, and on June 2, 1955, both parties waived trial by jury and announced ready for trial upon the merits of the case. Contestees' special exceptions Nos. 2, 4, 5, 6, 7 and 9 were sustained by the trial court and no request ·was made by Contestants to amend.

Upon trial of the case, Contestants offered in evidence, without any limitation whatever, all the instruments pertaining to said election, including the order declaring the result of the election and the proclamation of the County Judge putting the stock law into effect in Marion County.

The judgment of the trial court declared the election to be in all things valid, and denied any injunctive relief.

■ M. M. Lock, Lawrence S. Walker, and Robert E. Hasty have perfected an appeal and bring forward six points of error. Each point of appellants is challenged by appellees. And at the very outset we are confronted with appellees' first counter-point in which they contend that appellants having introduced in evidence upon the trial of the case the order declaring the result of the election and the proclamation of the County Judge without limiting the purpose for which they were introduced, they are bound by the recitations contained therein. We think the counter-point is well taken. Appellees' brief so ably states the law on this question that we adopt the following portion as part of our opinion in this case:

■ "Where a party introduced written evidence on the issue before the Court without limiting its purpose he is bound by its recitations, and cannot be heard to aver against it. As far as we have been able to find, our Courts are in harmony on this question.

"In 17 Texas Jurisprudence, pages 928–929, No. 419, it is stated:

" 'As a general rule documentary evidence is held to be conclusive against the party introducing it; he may not impeach it; nor will he be permitted to accept a part of it which is in his favor and repudiate another part which is opposed to his claim of defense.'

"In 32 C.J.S., Evidence, pp. 1113-1114, § 1040(D), it is stated:

" 'It has been said to be unquestionably the general rule that a party who introduces documentary evidence to support his contention vouches for its integrity and is conclusively bound thereby. A more common statement is to the effect that a party introducing documentary evidence is, at least if he introduces it without qualification or reservation, bound thereby, for all purposes, and cannot impeach it, but vouches for its accuracy so far as the issue on which it bears is concerned'.

"The case of Seifert v. Brown, Tex.Civ.App.1932, 53 S.W.2d 117, writ refused, was a suit by an employee against an alleged partner for injuries arising out of employment. Plaintiff introduced in evidence the instrument which he maintained was a partnership agreement. The court held that the agreement introduced conclusively showed that there was no partnership, and since plaintiff introduced the document he was bound by it.

"The decision in the case of Stancil v. Mills & Exports Co., Tex.Civ.App. 1940, 146 S.W.2d 787, no writ history, turned on this question of law. This was a garnishment proceeding and plaintiff in garnishment introduced the answer of the garnishee. The court in deciding the case, said in part:

" 'Appellant's assignments of error attack the sufficiency of the evidence to support the judgment. Appellant introduced in evidence garnishee's answer which contained, among other statements of the pleader, the paragraph quoted above. This answer he placed in evidence without any limitation. As stated in 20 Am.Jur. p. 771, § 915, "One introducing documentary proof bearing upon an issue vouches for its accuracy so far as that issue is concerned and is, as a general rule, bound by its recitals for all purposes." Plaintiff, having introduced in evidence these statements in a quoted paragraph without any limitation, is concluded by them.' (Citing cases.)

"The case of McClung Const. Co., Inc., v. Langford Motor Co., Tex. Civ.App.1930, 33 S.W.2d 749, 752—(no writ history) is also in point. This was a hearing on a plea of privilege wherein the defendant introduced in evidence a copy of plaintiffs' petition, in a suit involving the same subject matter from Archer County, Texas. The defendant introduced the petition and other papers in the Archer County suit to show that the cause of action was the same in both counties, and that the ruling of the court in that case was res judicata of the question involved. The Court of Civil Appeals said partly as follows:

" 'We think that the defendant is bound and concluded thereby, and cannot be heard to allege that said controverting plea is insufficient in not specifically alleging a cause of action, the sufficiency having been cured, if it was defective, by the in-

troduction by defendant of the petition of plaintiff.

" 'In 10 R.C.L. p. 1098, par. 289, it is said:

" ' "Conclusiveness against Party Introducing Document.—As a general rule documentary evidence is held to be conclusive against the party introducing it. He may not impeach it, and he will not be permitted to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense. And this applies as well to documents forming a part of a record of a cause as to other documents."

" 'In 17 Ann.Cas. p. 381, note, it is said:

" ' "As a general rule documentary evidence is held to be conclusive against the party introducing it. He may not impeach it, and he will not be permitted to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense."

" 'For the reasons stated, we conclude that the trial court did not err in overruling the defendant's plea of privilege, and the judgment is affirmed.' "

See also Sellman v. American Nat. Ins. Co., Tex.Civ.App., 281 S.W.2d 150 writ dis. Appellees' counter-point No. 1 is sustained.

Our holding on appellees' first counter-point disposes of this appeal. But, if we are mistaken, it is our opinion that contestees-appellees' special exceptions were well taken and were properly sustained, which left contestants-appellants without pleadings to challenge the validity of such election.

■ Appellants' chief complaint by which their points 1, 2, 3 and 4 seems to be that the petition for the stock law election as presented to the County Judge

and Commissioners' Court combined the different kinds of livestock enumerated in Article 6930, and cattle as provided for in Article 6954. Appellants have cited us to no authority which holds that such petition is void, and we have been unable to find one. The petition clearly stated that the petitioners requested an election under the provisions of Article 6930 and Article 6954, and enumerated all kinds of livestock named in both articles. The order of the County Judge and Commissioners' Court ordered an election but required a separate ballot for all the different kinds of livestock named in Article 6930, and for a separate ballot for cattle under Article 6954. Therefore, we think the petition, the order for the election, the notice, the order declaring the results, and the proclamation declaring the results of said election, all complied with the provisions of the law. According to the certificate of the County Clerk, 156 qualified voters in Marion County signed the petition. This was more than enough signers to comply with the combined requirements of Article 6930 and 6954. The points are overruled.

In points 5 and 6 they seek to complain of the validity of the election (not of the action of the trial court), because resident citizens within the corporate limits of the City of Jefferson were permitted to vote in a county-wide stock-law election, and said incorporated City of Jefferson had already passed an ordinance which prohibited livestock from running at large within its corporate limits. The matters stated in the points have been settled against such contention in the following cases: Bishop v. State, 74 Tex.Cr.R. 214, 167 S.W. 363; Neuvar v. State, 72 Tex.Cr.R. 410, 163 S.W. 58; Armstrong v. Traylor, 87 Tex. 598, 30 S.W. 440; Lambert v. Scurlock, Tex.Civ.App., 285 S.W. 679, writ dis.; English v. State, Tex.Cr.App., 292 S.W. 229; Tubbe v. Sample, Tex.Civ. App., 62 S.W.2d 362. The points are overruled.

Finding no error in the record, the judgment of the trial court is affirmed.