John C. CAIN, Appellant,

v.

Ula EDMISTON, Appellee.

No. 7000.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 3, 1957.

Rehearing Denied Dec. 17, 1957.

O. M. Stubblefield, Bonney, Wade & Stubblefield, Dallas, for appellant.

Cervin & Melton, Alto B. Cervin, Dallas, for appellee.

DAVIS, Justice.

This is an appeal from an order of the District Court of Dallas County, Texas, denying an application for letters of administration upon the estate of Ruth Edmiston Ferris, Deceased. Ruth Edmiston Ferris, hereinafter referred to as Mrs. Ferris, was married to Royal A. Ferris, Jr., in 1931. In 1938 a divorce was granted to Royal A. Ferris, Jr., and after the divorce was granted Mrs. Ferris executed a property settlement agreement of the community property of the marriage between her and Royal A. Ferris, Jr.

On September 21, 1954, Mrs. Ferris entered into a contract with John C. Cain and John C. Read, attorneys-at-law, to institute and prosecute a suit against Royal A. Ferris, Jr., for an accounting of the community property of Mr. and Mrs. Ferris during their said marriage.

On April 25, 1955, a petition was filed in the District Court of Dallas County wherein Mrs. Ferris prayed that Ferris, Jr., be required to file an accounting of the community estate during their said marriage, and upon a final hearing, that a partition of the community property be made. To her petition defendant filed numerous exceptions. At a pre-trial on October 7, 1955, the following order, omitting caption and signature, was entered:

"On the 7th day of October, 1955, came on to be heard in the above entitled and numbered cause the special exceptions contained in paragraphs numbered I to VIII, both inclusive, and came the parties by their respective attorneys, and counsel for plaintiff thereupon announced to the Court that in his opinion said exceptions were well taken and should be sustained, and it so appearing to the Court, it is therefore Ordered, Adjudged and Decreed by the Court that Special Exceptions Nos. I, II, III, IV, V, VI, VII and VIII contained in defendant's original answer and each of them be and the same are hereby in all things sustained, and that the plaintiff be and is hereby given leave to amend plaintiff's original petition."

(Note that counsel for Mrs. Ferris admitted the exceptions were good). The order sustaining the exceptions left Mrs. Ferris without any pleading at all upon which she could have gone to trial. No amended pleadings were filed in this suit prior to the hearing on the probate matter in the District Court which is the subject of this appeal.

Mrs. Ferris died on or about December 26, 1955. After her death all her surviving heirs at law filed disclaimers in the suit in the District Court of Dallas County and requested that said suit be dismissed.

On March 29, 1956, John C. Cain, as petitioner, filed a petition in the Probate Court of Dallas County for letters of administration upon the estate of Mrs. Ferris. Upon a hearing for a temporary administration upon such estate, the Probate Court denied the temporary administration and dismissed the suit in its entirety. An appeal was taken to the District Court, and upon a hearing there the petition was denied, hence the appeal. The cause was transferred to this Court on an equalization of the dockets ordered by the Supreme Court.

The points to be decided in this case are whether or not John C. Cain, under the record in the case, showed any necessity for administration upon the estate; and, whether he was entitled to letters of administration. This he failed to

do. At the very outset, we are confronted with an exhibit offered in evidence by petitioner, without limitation, which set out that the only estate left by Mrs. Ferris was some old clothes and shoes that were of no value and had already been disposed of by giving them to the Good Will Industries in Dallas. The exhibit further showed that all debts owed by Mrs. Ferris had been paid by Ula Edmiston, a sister, and the sister disclaimed any reimbursement or payment of such items. This she had a right to do and prevent an administration upon the estate of Mrs. Ferris. 15–A Tex. Jur. 257, Sec. 50. Petitioner having offered the exhibit without limitation, he was bound by every statement and recitation therein. Locke v. Morris, Tex.Civ. App., 287 S.W.2d 500, wr. ref. n. r. e., and authorities cited therein. There being no debts, or estate to administer, there could be no necessity for administration.

■ Petitioner, as appellant here, contends that he showed that there were at least two debts due by the estate; one of which was paid by the surviving sister, after the petition for administration had been filed. See 15–A Tex.Jur. 257, supra. The evidence adduced upon the hearing will not support this contention. He further contends that there was a claim or suit pending that of necessity required an administration upon the estate, by virtue of the suit filed by Mrs. Ferris prior to her death. Not only did all the heirs of the estate waive any claim to the estate, but also Ula Edmiston, as contestant-appellee here, pleaded as a complete bar to the cause of action the settlement agreement and release executed by Mrs. Ferris immediately after her divorce in 1938. Such settlement agreement was not denied under oath as required by Rule 93, Vernon's Ann. Tex. Rules of Civil Procedure. Failure to deny the settlement agreement and release under oath, such was admitted and amounted to a complete bar on any theory of a claim against the estate.

■ Appellant urgently insists that his contract creates some form of claim or estate that would entitle him to be appointed administrator of the estate. The record in this case does not impress such estate with that character of claim contemplated by the authorities cited in support of his contention. If the petitioner has any claim by virtue of his contract with the deceased Mrs. Ferris, we see no reason why he cannot personally prosecute a suit in his own name and recover whatever interest, if any, he acquired under such contract. 5 Tex.Jur. 514–15, Sec. 101, and authorities cited therein.

Finding no error in the record, appellant's points of error are overruled and the judgment of the trial court is affirmed.